EROSS *v.* GULEWICZ.

1. NUISANCE—STATE HOUSING CODE.
   Where one-story building stood close to line with windows facing' line at time State housing code (Act No. 167, Pub. Acts 1917, as amended by Act No. 371, Pub. Acts 1925) was enacted, adjoining landowners are not entitled to restrain erection of second story with windows opposite windows in their building unless it is as to them and their rights nuisance in fact.

2. SAME—HOUSES WITH WINDOWS DIRECTLY OPPOSITE.
   Houses in cities having windows directly and closely opposite do not constitute nuisance in fact.

3. SAME—PUBLIC NUISANCE MAY NOT BE RESTRAINED BY PRIVATE PARTY UNLESS CONSTITUTING PRIVATE NUISANCE.
   Violation of State housing code (Act No. 167, Pub. Acts 1917, as amended by Act No. 371, Pub. Acts 1925), constituting public nuisance, may not be restrained by adjoining landowners unless it is as to them and their rights nuisance in fact.

Appeal from Wayne; Sprague (Victor D.), J., presiding. Submitted October 17, 1930. (Docket No. 17, Calendar No. 35,147.) Decided December 2, 1930.

Bill by Alex Eross and another against Martin Gulewicz and others to restrain certain alterations in a building on an adjacent lot. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*A. J. Sura,* for plaintiffs.

*William Cohen* (*Morris Luskin,* of counsel), for defendants.

WIEST, C. J. Plaintiffs and defendants Gulewicz own adjoining premises in the city of Hamtramck,

upon each of which premises there formerly stood one-story brick houses; plaintiffs' house about three feet from the division line and defendants' house close to the line. In 1925, plaintiffs added a second story to their building with windows facing defendants' building. At the time this suit was started defendants were engaged in adding a second story to their building with windows facing the windows in plaintiff's building and directly opposite thereto. Claiming that defendants in so building were violating an ordinance of the city of Hamtramck, plaintiffs filed the bill herein to have them enjoined from maintaining windows opposite the windows in plaintiffs' building. After the proofs were closed plaintiffs invoked the State housing code (Act No. 167, Pub. Acts 1917, as amended by Act No. 371, Pub. Acts 1925). The bill was dismissed.

It appeared at the hearing that the plan for defendants' additional story was submitted to the proper city official, an inspection made of the premises, and a building permit was granted. Defendants' original one-story building had windows facing plaintiffs' building, and was constructed at a time when it was lawful to build close to a division line and have windows facing the line. The housing code had to accept the location of defendants' original building. In order to grant plaintiffs relief by mandatory injunction, we must be able to find that the windows in defendants' building constitute a nuisance in fact. We cannot so find from the proofs. Houses in cities have for ages had windows directly and closely opposite, and such has never been considered a nuisance in fact.

Whether defendants' addition to their building violates the State housing code, and is, therefore, a public nuisance, we need not determine, for, if it is

such, plaintiffs may not make it their private griev-
ance, unless it is as to them and their rights a nui-
sance in fact.

Plaintiffs' claim of complaint by their tenants,
and of extra expense they sustained in order to keep
their tenants from moving because of annoyance
occasioned by the windows in defendants' building,
was not supported by the testimony of one tenant
and was flatly contradicted by the other tenant.

The decree dismissing the bill is affirmed, with
costs to defendants.

Butzel, Clark, McDonald, Potter, Sharpe,
North, and Fead, JJ., concurred.