FOSTER *v*. COUNTY OF GENESEE.

1. NUISANCE—DOG POUND—EVIDENCE.

   Evidence *held,* not to have established that construction of a building or its use as a dog pound would constitute a nuisance.

2. INJUNCTION—DOG POUND—BUILDING PERMIT—COUNTIES.

   Lack of building permit by county for construction of building to be used as an animal shelter and dog pound is not sufficient reason for enjoining construction of the building.

3. NUISANCE—INTERVENTION.

   Intervention by a party to suit for adjudication of question of nuisance is in subordination to the propriety of the main proceeding.

4. SAME—THREATENED NUISANCE—INJUNCTION.

   Evidence that proposed use of property for animal shelter and dog pound, conveyed by township to defendant county, may constitute a possible threatened nuisance does not entitle adjacent property owners to an injunction as equity will not interfere in advance of creation of nuisance, where injury is doubtful or contingent, mere apprehension that a nuisance will be created not authorizing the issuance of an injunction.

5. INJUNCTION—DISMISSAL OF BILL WITHOUT PREJUDICE—NUISANCE.

   Dismissal of a bill to enjoin alleged threatened nuisance arising from erection of a building by defendant county for use as an animal shelter and a dog pound is without prejudice to any new action should operation of the animal shelter be found to constitute a nuisance.

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 5]  39 Am Jur, Nuisances, §§ 64, 65, 116.
[6]  14 Am Jur, Costs, § 91.

6. COSTS—PUBLIC QUESTION—ANIMAL SHELTER.
  No costs are allowed in suit to enjoin county from erection
    of a building to be used as an animal shelter and dog pound,
    a public question being involved.

Appeal from Genesee; Elliott (Philip), J. Submitted January 5, 1951. (Docket No. 59, Calendar No. 44,663.) Decided March 1, 1951.

Bill by Vern E. Foster and others against County of Genesee and others to restrain construction of dog pound. Township of Flint intervenes. Decree for defendants. Plaintiffs appeal. Affirmed.

*Fred C. Hutchins,* for plaintiffs.

*Leon A. S. Seidel,* Prosecuting Attorney, and *Richard C. Fruit,* Assistant Prosecuting Attorney, for defendant County of Genesee.

*Guy W. Selby,* for intervenor.

BOYLES, J. Plaintiffs, residents and property owners in Flint township, Genesee county, filed the bill of complaint in this case to enjoin the defendants from constructing an animal shelter or dog pound on certain property in said township, claiming that it would constitute a nuisance. The defendants are the county of Genesee, the chairman and members of certain committees of the county board of supervisors, and a contractor. At the conclusion of a hearing on the merits, counsel for the parties stipulated that an ordinance of the township required a permit before the building could be erected, and that the county had not obtained a building permit to erect the building. It was conceded that construction had been commenced without such permit.

The trial court held that the construction and operation of the dog pound would not necessarily

cause such annoyance and discomfort as to constitute a nuisance; that if, after the erection and use of the building, a nuisance resulted, it might then be enjoined in a proper action; that the obtaining of a building permit was not essential to the erection of the building for a dog pound, a legitimate and necessary governmental function; and entered a decree dismissing the bill of complaint, without prejudice to any new action should the operation of the animal shelter be found to constitute a nuisance. Plaintiffs appeal.

The site of the proposed dog pound is a parcel of land 200 feet wide east and west and 400 feet deep north and south on Beecher road in said township. It is a part of approximately 150 acres of land enclosed by an industrial fence, with 1,800 feet of frontage on Beecher road, owned and used by the city of Flint for a sewage-disposal plant. The city of Flint had conveyed the smaller parcel to the county for the express purpose of using it for an animal shelter, or dog pound. Construction of the building had been started when the bill of complaint was filed, and about $3,000 expended for that purpose when a temporary restraining order was issued. Construction has not been resumed, pending final decision. The proposed building is to be 40 feet wide paralleling Beecher road at a distance of 220 feet from the road, and 80 feet long toward the rear of the county's parcel of land. It is approximately equidistant from the east and west boundaries of the county's parcel, and near the southwest corner of the city's property on Beecher road. The nearby territory is partly residential and partly agricultural, the nearest house to the proposed building being 280 feet distant, and then there is a farmhouse located about 100 feet back from the road on a 73-acre farm directly across the road from the proposed building. Defendants' parcel of land slopes downward toward the north

so that the roof of the building will be barely visible if at all in sight of the road. The building will be of modern construction, concrete block without windows, 12 or 14 feet in height with flat roof, walls insulated against noise. The proposed site is about 5 miles from the city of Flint. The dog pound had been located in the city of Flint for 20 to 25 years, on property which the city now desires to use for other municipal purposes.

The general character of the testimony adduced by plaintiffs bearing on the question of nuisance is best indicated by the questions discussed by counsel for and on behalf of the plaintiffs in their briefs:

"The dog pound *will* inevitably *become* a nuisance because of the proposed construction *and operation.*

"Will the *operation* of the animal shelter involved in this cause constitute a nuisance in the township of Flint?

"It is the contention of the intervenor &ast; &ast; &ast; that the erection *and operation* of the animal shelter involved in this cause will constitute a nuisance." (Emphasis supplied.)

Counsel for plaintiffs summarize their testimony to prove a nuisance:

"The debris, such as paper and stuff used in the kennels must be disposed of some way and there is no showing that any provision for its disposal except by incinerations is provided for, which &ast; &ast; &ast; would cause some smoke and smell. &ast; &ast; &ast; Concrete block masonry walls and celotex ceiling would not be adequate to keep the pound sanitary &ast; &ast; &ast; *floors* are not shown to be nonporous or waterproofed to resist impregnation by urine, offal, et cetera, though hosed off daily. &ast; &ast; &ast; 'Ordinarily healthy-minded person' &ast; &ast; &ast; would be reminded of human mortality by seeing panel trucks taking yelping dogs to the pound and other trucks bearing away their remains. &ast; &ast; &ast; 'Even if you assume they are

going to eliminate all odors and all noise it would still be objectionable. As you know it is over there, *you know what it is used for* and *what process is going on.*'"

Many of plaintiffs' complaints as to the aesthetic effect on residents of the neighborhood by the creating of a nuisance *in futuro* by use and occupation would probably be avoided if the building were constructed at a greater distance from Beecher road, although the front of the building as proposed will be 220 feet from Beecher road. Aside from the foregoing speculation as to the result of the operation of the dog pound, other testimony was offered by plaintiffs to show the effect on land values in the township.

Without attempting to detail the claims of plaintiffs as to what might constitute a nuisance in the operation of the dog pound, we agree with the conclusion of the trial judge, that the evidence does not establish that the building or its use will constitute a nuisance; and that "if the actual operation results in what amounts to a nuisance, injunctive relief may be granted on new application and proper proof."

While the bill of complaint sets up that the county has not obtained a building permit from the township, the township is not a party to the suit, nor is it seeking to enjoin the county on the ground it has not obtained a building permit. Neither has the township been granted leave to intervene. The township, in a brief as "intervenor" filed by counsel for plaintiffs, makes no claim that the proposed building will contravene any provisions of the township building ordinance except the lack of the formal obtaining of a permit. Construction of the building had been started and carried on to some extent without any intervention by the township authorities—in fact, no such intervention has yet occurred except by and on behalf of the plaintiffs in an attempt to support their claim of nuisance. The township ordinance on which

plaintiffs rely is not a zoning ordinance. It is not claimed that the defendants propose to violate any safety or health requirements. Plaintiffs do not claim that they suffer any special damage or injury because of the fact that the county has not obtained a building permit. Under the circumstances, the lack of the building permit is not sufficient ground to require that the defendants be enjoined from constructing the building for use as an animal shelter or dog pound. Furthermore, if the township had properly become an "intervenor" in the case, as indicated by counsel for plaintiffs, such intervention would necessarily be in subordination to the propriety of the main proceeding to adjudicate the question of nuisance. CL 1948, § 612.11 (Stat Ann § 27.663).

Plaintiffs' proofs merely show that the defendants' proposed use of the property may constitute a possible threatened nuisance. Such proofs do not entitle plaintiffs to an injunction. *Warren Township School District No. 7, Macomb County,* v. *City of Detroit,* 308 Mich 460 (1 Av 1161). As a rule, equity will not interfere in advance of creation of nuisance, where injury is doubtful or contingent, and anticipated merely from use to which property is to be put. *Gableman* v. *Department of Conservation,* 309 Mich 416. The mere apprehension that a nuisance will be created does not authorize the issuance of an injunction. *Village of St. Clair Shores* v. *Village of Grosse Pointe Woods,* 319 Mich 372.

See, also, *Schurtz* v. *Wescott,* 286 Mich 691, 697; *Northwest Home Owners Ass'n* v. *City of Detroit,* 298 Mich 622, 643–646.

In view of the above conclusion, other questions raised by appellants need not be discussed. The trial court properly dismissed the bill of complaint, without prejudice to any new action should the opera-

tion of the animal shelter be found to constitute a nuisance.

Affirmed, without costs, a public question being involved.

REID, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.