PLASSEY *v.* S. LOEWENSTEIN & SON.

1. EQUITY—MOTION TO DISMISS—PLEADING.

All well-pleaded facts in the bill of complaint must be accepted as true on hearing a motion to dismiss, which is in nature of a demurrer.

2. PLEADING—ALLEGATIONS OF CONCLUSIONS.

Allegations of mere conclusions contained in a bill of complaint, are not sufficient to save a pleading from dismissal on proper motion.

3. NUISANCE—PLEADING—SLAUGHTERHOUSES.

An allegation "that the erection of the said slaughterhouse and rendering plant * * * will constitute a nuisance" is anticipatory and, as such, is merely the allegation of a conclusion and insufficient to avert dismissal on motion in nature of a demurrer to bill to enjoin erection and operation of such a plant because it would constitute a nuisance, where other allegations of facts and circumstances disclose at most a doubtful or possibly contingent use that would constitute a nuisance.

4. SAME—ANTICIPATION OF NUISANCE.

Equity, as a rule, will not interfere in advance of the creation of a nuisance where the injury is doubtful or contingent and anticipated merely from the use to which the property is to be put.

5. SAME—PUBLIC NUISANCE—PRIVATE PARTIES—INJUNCTION.

Generally, private persons are not proper plaintiffs in a suit to abate a public nuisance, although if a building were constructed

REFERENCES FOR POINTS IN HEADNOTES

[1] 19 Am Jur, Equity, § 316.
[2] 41 Am Jur, Pleading, § 243.
[3, 4] 39 Am Jur, Nuisances, §§ 151, 152.
[3, 4] Right to enjoin threatened or anticipated nuisance.   7 ALR 749; 26 ALR 937; 32 ALR 724; 55 ALR 880.
[3, 7] 48 Am Jur, Slaughterhouses, § 5.
[3, 7] Slaughterhouse as nuisance.  27 ALR 329.
[5] 39 Am Jur, Nuisances, §§ 124–127.
[8] 3 Am Jur, Appeal and Error, § 985 *et seq.;* 14 Am Jur, Courts, § 59 *et seq.*

for an avowed purpose which would unquestionably result in a nuisance affecting the rights of individuals, a case might be presented wherein private individuals whose rights were invaded might have the erection of the building itself enjoined.

6. SAME—ERECTION OF BUILDING—VIOLATION OF LAW OR RESTRICTIONS—VALUE.

One may construct on his premises a building in which to carry on a lawful business, in the absence of violation of applicable law or restrictions, and the mere fact that doing so may lessen the value of other property in the locality does not ·constitute the erection of the building a nuisance.

7. SAME—INJUNCTION—ZONING ORDINANCE—PLEADING.

Bill to enjoin erection of slaughterhouse and rendering plant as constituting a nuisance was properly dismissed, where it appears that notwithstanding the area was devoted to residential and commercial uses, the zoning ordinance was not violated and there were no allegations of fact in the bill sufficient to warrant issuance of injunction.

8. COURTS—STARE DECISIS.

Issues determined in another case arising from many of the same facts involved in instant case are controlled thereby under the rule of *stare decisis,* hence are not again discussed.

9. NUISANCE—INJUNCTION—DISMISSAL OF BILL WITHOUT PREJUDICE.

Dismissal of bill to enjoin erection of slaughterhouse and rendering plant in area devoted to residential and commercial use, on motion in nature of a demurrer, is without prejudice to right of plaintiffs, owner and occupants of apartment house properties, to seek abatement of a nuisance, if any, which may result from the operation of the plant.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted April 6, 1951. (Docket No. 47, Calendar No. 45,069.) Decided June 4, 1951.

Bill by Andrew B. Plassey and another against S. Loewenstein & Son, a Michigan corporation, to enjoin an ·anticipated nuisance. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

*Victor H. Wehmeier, Raymond J. Lynch* and *Dwight K. Hamborsky,* for plaintiffs.

*Friedman, Meyers & Keys (Herbert Sott,* of counsel), for defendant.

NORTH, J.  In a general way the instant case arose out of the same facts and circumstances as *City of Detroit* v. *S. Loewenstein & Son, ante,* 359; and to the extent the pertinent facts are set forth in the cited case there is no need for repetition.  Some, but not all, of the issues presented by this appeal were passed upon in the cited case.  In this suit plaintiff Plassey is the owner of 3 apartment buildings which provide living facilities for approximately 92 families.  One of the apartments is occupied by plaintiff Taylor.  These 2 allege they have brought this suit in behalf of themselves and of a large number of other property owners and residents in so-called southwest Detroit, which is the general locality of the property on which defendant proposes to erect and operate a slaughterhouse and rendering plant, the same being referred to herein as a plant.  The relief sought is that defendant be enjoined from erecting and operating such slaughterhouse and rendering plant.  The right to such relief is asserted on the following grounds:

"That the erection of the said slaughterhouse and rendering plant   *   *   *   is unlawful because *the operation of the said plant* will constitute a nuisance, and because the permit which has been granted to the defendant is illegal, as will be hereinafter set forth in detail."

Defendant's motion to dismiss the bill of complaint was heard and granted by the circuit judge, who filed a written opinion.  The order of dismissal is as follows:

"It appearing that the bill of complaint does not set forth a cause for action,

"On motion of Friedman, Meyers & Keys, attorneys for defendant,

"It is ordered that plaintiffs' bill of complaint and this cause be and the same are hereby dismissed."

Plaintiffs' appeal from the order of dismissal presents the issues hereinafter considered.

"May the trial court conclude as a matter of law that the plaintiffs were endeavoring to enjoin an *anticipated* rather than an actual nuisance?"

"Where a bill of complaint alleges questions of fact may it be dismissed on motion?"

As we have often held, on hearing a motion to dismiss which is in the nature of a demurrer, all facts well pleaded in the bill of complaint must be accepted as true. But allegations of mere conclusions are not sufficient to save a pleading from dismissal on proper motion. Under the record in the instant case the allegation: "That the *erection* of the said slaughterhouse and rendering plant * * * will constitute a nuisance" is anticipatory, and as such is merely the allegation of a conclusion. Requisite facts and circumstances disclosing that "the erection" of the building will constitute a nuisance are not alleged in the bill of complaint. The above allegation is the only material allegation applicable to the "erection of the said slaughterhouse." This, we think, is true notwithstanding the further allegation that "said plant is being erected * * * in the heart of a neighborhood which is predominantly of a residential and business character." The plant area is covered by section 17.1, subsection 4, of the Detroit zoning ordinance by which there is permitted: "All other uses not prohibited by law or other ordinances and not specifically permitted in other districts,"

subject to the approval of the city plan commission, which defendant obtained. Other allegations in support of plaintiffs' claim that a nuisance will result have to do only with the operation of the plant. In view of the showing in this record it may be said to be doubtful, or possibly a contingent matter, as to whether the operation of the plant will constitute a nuisance.

"Equity, as a rule, will not interfere in advance of the creation of a nuisance where the injury is doubtful or contingent, and anticipated merely from the use to which the property is to be put. *Siegel* v. *Wayne Circuit Judge,* 155 Mich 459; *Henry* v. *Sinclair,* 218 Mich 296; *Lansing* v. *Perry,* 216 Mich 23." *Briggs* v. *City of Grand Rapids,* 261 Mich 11, 15.

To the same effect, see *Sommers* v. *City of Detroit,* 284 Mich 67; *Warren Township School District No. 7, Macomb County,* v. *City of Detroit,* 308 Mich 460 (1 Av 1162); *Gableman* v. *Department of Conservation,* 309 Mich 416; *Village of St. Clair Shores* v. *Grosse Pointe Woods,* 319 Mich 372; *Foster* v. *County of Genesee,* 329 Mich 665.

A further question presented by appellants is as follows:

"May private individuals seek to *enjoin the erection* of a slaughterhouse on the grounds that it is in violation of a zoning ordinance and a nuisance?"

We construe the above as presenting an issue as to the right of *private individuals* to prosecute such a suit when essential facts and circumstances are properly pleaded. The decision of the trial judge was not bottomed on a holding that plaintiffs as *private individuals* might not bring a suit to abate a private nuisance. Instead, his holding was that plaintiffs' "bill of complaint does not set forth a cause for action." In general, private persons, as plaintiffs in the instant case, are not proper plain-

tiffs in a suit to abate a public nuisance. *Eross* v. *Gulewicz*, 252 Mich 134; *Morse* v. *Liquor Control Commission*, 319 Mich 52. However, it may be noted that if the construction of a building for an avowed purpose would unquestionably result in a nuisance affecting the rights of individuals, a case might be presented wherein private individuals whose rights would unquestionably be invaded thereby might have the erection of the building itself enjoined. *Wolfschlager* v. *Applebaum*, 213 Mich 180, 184; *Barth* v. *Christian Psychopathic Hospital Ass'n*, 196 Mich 642.

In reaching his conclusion the trial judge evidently had in mind that, in the absence of violation of applicable law or restrictions, one may construct on his property a building in which to carry on a lawful business, and the mere fact that doing so may lessen the value of other property in the locality does not constitute the erection of the building a nuisance. Therefore the trial judge in the instant case reached the conclusion, and we think correctly, that plaintiffs' bill of complaint did not state a cause of action.

We quote the remaining questions presented in appellants' brief:

"May the trial court on motion dismiss a bill of complaint wherein it is alleged that the city plan commission's approval is void because it failed to make necessary findings of fact?

"May the trial court on motion dismiss a bill of complaint wherein it is alleged that the power of the plan commission to approve a use is an unconstitutional delegation of legislative authority?

"Where the bill of complaint alleges that the approval of the plan commission to erect a building is illegal, may the trial court dismiss the bill on the ground that the erection of the building is not a nuisance per se?

"Where the bill of complaint alleged that a section of the zoning ordinance, under which approval is sought to erect a building, is void, does the severability clause of the ordinance permit the erection of the building notwithstanding?"

We have considered each of the above issues presented by appellants' brief, but insofar as a meritorious issue is presented, as to each of them we have already reached a conclusion in *City of Detroit* v. *S. Loewenstein & Son, supra,* which is adverse to appellants' contentions in the instant case. Under the rule of *stare decisis* our conclusion in the cited case controls like issues in the instant case. Hence, it becomes unnecessary to again cover such issues. Our decision herein is without prejudice to plaintiffs' right to seek abatement of a nuisance, if any, which may result from the operation of defendant's plant.

The order entered in the circuit court dismissing plaintiffs' bill of complaint from which this appeal was taken is affirmed, with costs to appellee.

Reid, C. J., and Boyles, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.