BANE *v.* TOWNSHIP OF PONTIAC.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SUBMISSION OF TOWNSHIP ORDINANCE ON REFERENDUM.

Claims that township housing ordinance was improperly adopted and should have been submitted to the electors are not considered, where no cross appeal has been taken from the refusal of the court to issue mandamus to compel the submission of such question.

2. DECLARATORY JUDGMENT—NECESSITY OF ADJUDICATION.

The declaratory judgment act authorizes an action "at the instance of anyone interested in the controversy" and one test of the right to institute such proceedings is the necessity of present adjudication as a guide for plaintiff's future conduct in order to preserve his legal rights (CL 1948, § 691.501).

3. SAME—MAINTAINING HOME WITHOUT FEAR OF CRIMINAL PROSECUTION.

Persons who are interested in maintaining their homes without fear of criminal prosecution and threat of loss of their places of abode are interested in an actual controversy and have a right to bring a suit for declaration of rights and fact that not all interested parties were before the court would not preclude granting relief to plaintiffs who sought it (CL 1948, § 691.501).

4. TOWNSHIPS—STATUTES—ORDINANCES—PENALTIES—NUISANCE.

Provision of township building regulation enabling act for penalties for violations of ordinances adopted thereunder does not empower the township authorities to declare violations of

REFERENCES FOR POINTS IN HEADNOTES

[2, 3]  16 Am Jur, Declaratory Judgments § 57.
[2, 3]  Declaration of rights or declaratory judgments.    12 ALR 52, 19 ALR 1124, 50 ALR 42, 68 ALR 110, 87 ALR 1205.
[4, 14]  9 Am Jur, Buildings § 36.
[4]  9 Am Jur, Buildings § 40.
[5, 6]  37 Am Jur, Municipal Corporations § 309.
[5–7]  Maintenance or regulation by public authorities of tourist or trailer camps, motor courts, or motels.    22 ALR2d 774.
[5, 7]  58 Am Jur, Zoning § 63.
[8]  51 Am Jur, Taxation §§ 416, 418.
[9–13]  58 Am Jur, Zoning § 146.
[14, 15]  9 Am Jur, Buildings § 37.
[16]  37 Am Jur, Municipal Corporations § 288.

their ordinance to be nuisances per se (CL 1948, § 125.354; Township of Pontiac Housing Ordinance, § 4).

5. SAME—HOUSING ORDINANCE—HOUSE TRAILERS—TRAILER PARKS— STATUTES.

Provision of township housing ordinance prohibiting the use of house trailers outside of licensed trailer parks except on a 14-day basis and then only when parked free and the occupants entitled to sanitary facilities of a housing facility that is not substandard, is not contrary to State law (CL 1948, §125.354; Township of Pontiac Housing Ordinance, § 5).

6. SAME—HOUSING ORDINANCES—TRAILERS—POLICE POWER.

A township housing ordinance limiting the occupancy of trailers to licensed areas is not an unreasonable exercise of the police power and is, therefore, valid (CL 1948, §125.354; Township of Pontiac Housing Ordinance, § 5).

7. SAME—ORDINANCES—TRAILERS AS RESIDENCES—ZONING—BUILDING.

Provision of township housing ordinance limiting the permanent occupancy of house trailers as residences to licensed trailer parks has the effect of a zoning, rather than a building, regulation (Township of Pontiac Housing Ordinance, § 5).

8. TAXATION—HOUSE TRAILERS—RESIDENCES.

House trailers, occupied as residences, are taxable as part of the real property on which they are located (CLS 1954, § 211.2a).

9. MUNICIPAL CORPORATIONS—ZONING ORDINANCES—RETROACTIVE OPERATION.

Zoning ordinances may not operate retroactively upon vested property rights acquired prior to their enactment, but may only operate in futuro.

10. TOWNSHIPS—HOUSING ORDINANCE—TRAILERS AS RESIDENCES— RETROACTIVE OPERATION.

Provision of township housing ordinance limiting the permanent occupancy of house trailers as residences to licensed trailer parks, having the effect of a zoning, rather than a building, regulation, is invalid as to persons who had occupied trailers previous to the enactment of the ordinance (Township of Pontiac Housing Ordinance, § 5).

11. SAME—HOUSING ORDINANCE—SUBSTANDARD DWELLINGS—RETRO-ACTIVE OPERATION.

Provision of township housing ordinance limiting the continuance of occupancy of substandard dwellings to 6 months following the effective date of ordinance was invalid as to persons who had occupied such substandard dwellings before ordinance

became effective in view of enabling act limiting the application of ordinances to dwellings as shall "thereafter be erected or altered" (CL 1948, § 125.351; Township of Pontiac Housing Ordinance, § 6).

12. SAME—HOUSING ORDINANCE—HOUSE TRAILER OCCUPANCY—RETROACTIVE OPERATION.

Provision of township housing ordinance prohibiting occupancy of house trailers as dwellings outside of licensed trailer parks after a fortnight following the effective date of ordinance may not operate retroactively as to persons whose occupancy of trailers antedated the enactment of the ordinance (Township of Pontiac Housing Ordinance, § 7).

13. SAME—HOUSING ORDINANCE—ENFORCEMENT—RETROACTIVE OPERATION.

Provision of township housing ordinance empowering the supervisor to enforce it and for enforcement by a township building inspector, an office which the township board might create, was not invalid, but was useless insofar as concerned plaintiffs who had occupied their house trailers outside of licensed trailer parks and their substandard dwellings prior to the enactment of the ordinance (CL 1948, § 125.351; Township of Pontiac Housing Ordinance, § 8).

14. SAME—HOUSING ORDINANCE—VIOLATION—PENALTIES—NUISANCE.

Provision of township housing ordinance declaring that violations thereof were a nuisance per se and subject to abatement or injunction at the suit of the township or of any occupant or owner of property within 1,000 feet of the site of the violation is invalid as beyond the power of the township, the enabling act providing penalties for violation but not declaring the violation to be a nuisance (CL 1948, § 125.354; Township of Pontiac Housing Ordinance, § 9).

15. NUISANCE—ADJOINING LANDOWNERS—VIOLATION OF HOUSING LAW—INJUNCTION.

Adjoining landowners may not enjoin violations of a housing or other ordinance unless the alleged violations are, as to them, nuisances in fact (Township of Pontiac Housing Ordinance, § 9).

16. JUDGMENT—DECISION OF COURT—POLICE POWER—HOUSING ORDINANCE—TOWNSHIP REGULATION.

The decision of the Supreme Court that various provisions of township housing ordinance were invalid as to plaintiffs who occupied house trailers outside of licensed trailer parks and substandard dwellings does not preclude township regulation

of plaintiffs' abodes for sanitary, health or similar reasons under other laws or the police power (CL 1948, § 125.351 *et seq.*; Township of Pontiac Housing Ordinance).

Appeal from Oakland; Holland (H. Russel) J. Submitted June 7, 1955. (Docket No. 8, Calendar No. 46,392.) Decided October 3, 1955.

Action by Clarence Harold Bane, William Barrett, Ralph Connon, Freeman L. Clark, June Goedecke and Harold Grice against the Township of Pontiac, a municipal corporation, and its officials to test validity of its housing ordinance. Petition for mandamus to force vote thereon denied. Alternate relief granted on declaratory judgment holding ordinance void as to plaintiffs. Defendant township appeals. Affirmed.

*Clarence L. Smith,* for plaintiffs.

*Robert W. Hodge,* for defendant.

Butzel, J. Clarence Bane *et al.,* some owners and others occupiers of property in the township of Pontiac, Oakland county, sought mandamus against the township and its officers in their official capacity and as the township board, as defendants, praying that the housing ordinance of the township of Pontiac be submitted to the electors of the township at the next regular election or at a special election called for that purpose. They also asked for alternate relief in the form of a declaratory judgment holding that the proposed ordinance was void and unconstitutional as to the petitioners. We need not consider claims of petitioners that the ordinance was improperly adopted and should have been submitted to the electors inasmuch as no cross appeal has been taken from the refusal of the court to issue manda-

mus. Defendants, however, appeal from the declaratory judgment, which held that the ordinance was illegal and unconstitutional as to plaintiffs.

The ordinance provides that it shall apply to all unincorporated areas of the township of Pontiac. In effect, it requires running water in dwellings, inside toilets, and adopts the definition of substandard dwellings as defined in the State housing law. It specifically proscribes the use of house trailers not parked in licensed trailer parks after the 15th day following the effective date of the ordinance. It provides for a fine not exceeding $100 or confinement in the county jail for not more than 90 days or both for anyone who violates the ordinance.

There are no sewage or water systems in the unincorporated area of Pontiac township. The exhibits and testimony reveal that plaintiffs have very limited means and their homes are more or less substandard, many of them with privies. Plaintiffs claim that they keep them in sanitary condition and there is no testimony to the contrary. It was shown that plantiffs' homes were outside of any city and in a rural district which was sparsely populated, although their particular homes were in a 5-acre area. The court below made the following findings of fact:

"Mrs. June Goedeke and her husband live at 302 E. Walton blvd. in said township and own at said address a plat of ground 235 ft. x 100 ft. They 'live in a basement' on said plat, which basement structure is within 1,000 feet of 'houses in every direction.' Said structure may be described as having all modern conveniences as toilet, grease trap and adequate septic tank. Occupants had been unable to date of trial to complete home due to high prices, inferiority and scarcity of materials.

"Mrs. Myrtle Teller, age 73, lives alone in a trailer which is 'parked' on a rented trailer space (paying a rental fee of $8.50 per mo.) at 2600 Shimmons

road in said township. Mrs. Teller, who incidentally lives on old age pension, has so resided at said address for 11 years. She 'carries water' for use in the trailer and uses a nearby 'outdoor toilet.' Her daughter, who has 2 small children and lives on ADC and/or child support money, lives in a trailer 40 feet away and uses the same outside toilet facilities. The people naturally find it much easier to live at this location on their limited means than they would at a regular trailer park where the 'parking' fee would be about $20 per month.

"Mr. Clark, one of the plaintiffs, is the owner of a 'Subdivision farm of 2A' located at 2088 Commonwealth road in said township. Clark has 4 commercial cabins on said premises that 'he rents by week but requires residents to stay 6 months.' Said cabins are 18 feet x 20 feet and were described by the owner as 'all modern except the showers are on the outside.' Cabins are served by a large septic tank. The footings under said cabins are some 18 to 20 inches deep with a cement slab floor thereon, in the case of 2 cabins and wood floors in the other 2. Said cabins are heated by Duo-Therm heaters.

"One, Harold Grice, is the owner of a house 24 feet x 28 feet with a partially-completed addition thereto, 18 feet x 20 feet, at 3051 Garden court in said township. Mr. Grice resides in said structure with his wife and 9 children. The water for said family is furnished from a well under the house, but there are no facilities for hot water in the home. The toilet facilities are 'outside.' Said outside toilet is 15 or 20 feet from the property and the garden of a neighbor. The outside toilet is as well cared for by scrubbing and the use of lime as is possible. Mr. Grice, with his 9 children all in school, has found it impossible to complete this home over the period of the last 10 years.

"Plaintiff, Harold Bane, resides at 2605 Shimmons road. Mr. Bane, with his family of 4, lives in a 21-foot trailer which has an anteroom, 8 feet x 12 feet. Said room is described to be of standard con-

struction with insul-brick on the outside and plaster board on the inside. 'Said structure' is without foundation. Plaintiff, Bane, for the living accommodations just mentioned has an acre and a half at his disposal. The family uses an outdoor toilet and quick lime in connection therewith in an effort to render the same sanitary. Other people live within 1,000 feet. The Bane family gets its water from across the street. They take their showers and do their washing across the street, and in return for the use of said utilities, furnish certain fuel oil."

Defendants in their answer referred to a letter, introduced as an exhibit, written by a neighbor of plaintiffs who complained that one of his yearling heifers found dead in a pasture was killed by a small bore rifle, and that he had also lost valuable poultry. He does not show in any way that plaintiffs are to blame. What is more illuminating, however, is the further statement in that letter that some prominent builders were interested in subdividing and building up the 300 acres in the immediate proximity of plaintiffs' homes but that because of this 5-acre plot on which the homes were located the offer to develop the 300 acres was withdrawn.

Defendants as appellants claim that a declaratory judgment may not be rendered in favor of plaintiffs because there is no showing of an actual existing controversy and because all interested parties are not before the court. According to testimony on behalf of plaintiffs some 400 homes would be affected by the ordinance. The supervisor of the township filed an affidavit stating that according to the 1950 Federal census the population of the township (evidently excluding the incorporated part) was 6,157 or some 340 persons per square mile. Plaintiffs' abodes are all within 1,000 feet of one another. Section 1 of the declaratory judgment statute, CL 1948, § 691.501 (Stat Ann § 27.501), provides:

"No action or proceeding in any court of record shall be open to objection on the ground that a merely declaratory judgment, decree or order is sought thereby, and the court may, in cases of actual controversy, make binding declarations of rights whether any consequential relief is or could be claimed, or not, including the determination at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance or other governmental regulation, or any deed, will or other instrument in writing, and a declaration of the rights of the parties interested, but the foregoing enumeration does not exclude other cases of actual controversy."

We have never held that all parties who are interested must be parties plaintiff. On the contrary the statute authorizes an action "at the instance of *anyone* interested in the controversy." In *Updegraff* v. *Attorney General,* 298 Mich 48, 52 (135 ALR 931), we stated:

"One test of the right to institute proceedings for declaratory judgment is the necessity of present adjudication as a guide for plaintiff's future conduct in order to preserve his legal rights."

Surely persons who are interested in maintaining their homes without fear of criminal prosecution and are thus threatened with the loss of their places of abode are interested in an actual controversy and have a right to bring the suit. We have permitted a declaration of rights under zoning and building regulations, *C. K. Eddy & Sons* v. *Tierney,* 276 Mich 333; *Long* v. *Township of Norton,* 327 Mich 627, and have permitted the validity as well as the construction of a statute to be the subject of a declaratory judgment. See *Evans Products Co.* v. *State Board of Escheats,* 307 Mich 506; 1 Anderson, Declaratory Judgments (2d ed), § 159. No proceedings, as yet, have been begun against any of the plaintiffs but the

insecurity and danger or possibly the imminence of such proceedings naturally threaten plaintiffs and make them fearful of losing what have been their homes for years. Under the circumstances, plaintiffs are entitled to avail themselves of the declaratory judgment remedy.

The primary question is whether the ordinance is valid as applied to plaintiffs. It was enacted pursuant to PA 1943, No 185 (CL 1948, § 125.351 *et seq.* [Stat Ann 1949 Rev § 5.2973(1) *et seq.*]), a township building regulation enabling statute. After adopting the State housing law* *in toto,* defining the scope of the ordinance and adopting certain definitions, the ordinance provides:

"Sec. 4. That substandard dwellings, as defined in the said housing law of Michigan, are hereby declared to be nuisances per se."

The trial court ruled this provision invalid on the ground that a municipality is without power to declare something to be a nuisance per se which is not one in fact. See 6-A American Law of Property (1954), § 28.27; 37 Am Jur, Municipal Corporations, § 293, p 935. We agree with his conclusion but for a different reason. The enabling statute, CL 1948, § 125.354 (Stat Ann § 5.2973[4]), provides:

"The township board shall in any ordinance adopted under the provisions of this act designate the proper official or officials whose duty it shall be to administer and enforce the provisions of such ordinance, and shall provide penalties for the violation thereof."

In distinction to the township rural zoning enabling act, CL 1948, § 125.294 (Stat Ann 1949 Rev § 5.2963[24]), the township building regulation enabling act only provides for penalties but not that

---

* CL 1948, § 125.401 *et seq.* (Stat Ann 1949 Rev § 5.2771 *et seq.*). —REPORTER.

violations may be declared nuisances per se. Therefore, we find no statutory authority for this provision of the ordinance and it must fail for that reason.

Section 5 of the ordinance provides:

"That house trailers used as dwellings outside of trailer parks licensed under and conforming to the regulations of the State of Michigan are nuisances per se; that their occupancy as dwellings outside of such State-licensed and State-regulated trailer parks is a menace to the public health, safety and welfare and is hereby prohibited; provided, however, that nothing contained herein shall prohibit the parking, without charge therefor, of not more than one occupied house trailer on the premises of any occupied dwelling, provided that the occupant or operator of such house trailer shall, within 3 days of his arrival make application to the township clerk, supervisor or health officer for a permit, which permit, if granted, shall limit the time of such parking to a period not longer than 14 days from the date of application therefor; provided further that the permit shall not be granted in any case where the occupied dwelling on the premises where the house trailer is temporarily parked is either (a) a house trailer, or (b) a substandard dwelling as above defined, or (c) a dwelling whose sanitary facilities are not available to the occupants of such house trailer."

The trial court held this section invalid on grounds that it conflicted with the State house trailer camp law which covered the entire field of regulation and supervision of trailer parks and occupancy. The court replied solely upon *Richards* v. *City of Pontiac,* 305 Mich 666. It is true that in the *Richards Case, supra,* the Court said of the State house trailer camp law* (p 672):

* See CL 1948 and CLS 1954, § 125.751 *et seq.* (Stat Ann 1953 Cum Supp § 5.278[1] *et seq.*).—Reporter.

"Its intent and purpose is to take over the entire field of regulation and supervision of trailer parks in the State."

However, an examination of later cases clearly shows that the Court has modified this particular statement. In *Loose* v. *City of Battle Creek,* 309 Mich 1, 12, we were concerned with an ordinance which we described as follows:

"Section 2 of the ordinance prohibits the parking or use of a trailer anywhere within the city 'not specifically licensed as a trailer coach park, except only as provided in this ordinance.'

"Section 3 of the ordinance reads as follows:

" '*Parking on dwelling premises.*

" 'Not more than one trailer coach may be parked, used and occupied on the premises of any dwelling as hereinafter limited, provided the occupants of the trailer coach have free access to and the unlimited use of the sanitary facilities of the dwelling of said premises and the operator of such trailer coach secures a permit as provided in this ordinance.' "

The State act by its terms and definitions applied to parks occupied by 3 or more trailers. The court held the ordinance valid, saying (p 13):

"In my opinion the ordinance occupies only the field left unoccupied by the State trailer coach park act and cannot be held invalid because of conflict with that act."

In *Gust* v. *Township of Canton,* 337 Mich 137, we upheld local trailer zoning and building regulations as against the argument that they usurped the functions of the State under the aforementioned State law. We expressly recognized and reiterated the *Loose Case* modification of the broad statement previously made in the *Richards Case.* Therefore section 5 does not conflict with State law.

Though not noted in the brief of either party we further held in the case of *Township of .Wyoming* v. *Herweyer,* 321 Mich 611, that an ordinance limiting the occupancy of trailers to licensed areas is not an unreasonable exercise of the police power and is therefore valid.

However, this particular provision in regard to trailers has the effect of a zoning, rather than a building, regulation ordinance. See *Township of Wyoming* v. *Herweyer, supra* (where a similar ordinance was enacted pursuant to the township rural zoning act). Trailers are taxable as part of the real property on which they are located. CLS 1954, § 211.2a (Stat Ann 1953 Cum Supp § 7.2[1]). We have repeatedly held that zoning ordinances may not operate retroactively upon vested property rights acquired prior to their enactment, but may only operate *in futuro. City of Howell* v. *Kaal,* 341 Mich 585; *City of Lansing* v. *Dawley,* 247 Mich 394; *Richards* v. *City of Pontiac, supra.* Therefore, as applied to plaintiffs who occupied trailers previous to the enactment of the ordinance, section 5 is invalid.

Section 6 of the ordinance provides:

"That all substandard dwellings, as above defined, except house trailers, may be occupied for 6 months from and after the effective date of this ordinance but, unless within the said 6 months period such dwelling or dwellings shall have been improved so that they may no longer be classified as substandard, occupancy thereafter as dwellings shall be deemed a violation of this ordinance, each day of such illegal occupancy being deemed a separate violation. Penalties for such separate violations may be cumulative."

The enabling act, CL 1948, § 125.351 (Stat Ann 1949 Rev § 5.2973[1]), permits the enactment of ordinances which may regulate construction, et cetera, in dwellings as shall *"thereafter* be erected

or altered." (Emphasis added.) By the very terms of the enabling act the township was without power to make its ordinance retroactive in that respect. Therefore, this part of the ordinance, insofar as it relates to those of plaintiffs who occupy other than trailers, is invalid because they occupied their homes previous to its passage.

Section 7 of the ordinance provides:

"That house trailers, other than those parked in trailer parks licensed by and operated in conformity with the laws of the State of Michigan, shall not be occupied as dwellings after the 15th day following the effective date of this ordinance. Occupancy as a dwelling thereafter shall be deemed a violation of this ordinance and each day of such illegal occupancy shall be deemed a separate violation."

This is essentially a reiteration of the first part of section 5, *supra,* and while not invalid as conflicting with the State law and not unreasonable, it may not operate retroactively. Therefore it is invalid as applied to plaintiffs whose occupancy of trailers predated the enactment of the ordinance.

Section 8 of the ordinance provides:

"Enforcement. That the supervisor of the township shall have the power to enforce any and all terms of this ordinance and that the township board may at any time, by resolution create the office of building inspector, or any other office it deems essential or proper, appoint such officer and delegate to him or them the duties and authority to enforce the terms of this ordinance."

We find nothing objectionable in this provision which is rendered useless, however, insofar as plaintiffs are concerned, by our decision.

Section 9 of the ordinance provides:

"Enforcement. That any violation of this ordinance shall be a nuisance per se and may be abated

or enjoined at the suit of the township or of any occupant or owner of property within 1,000 feet of the site of the violation."

As before stated, the township under the enabling act availed of, is without authorization to declare violations nuisances per se. In addition it is to be noted that we have held that adjoining landowners may not enjoin violations of a housing law or other ordinance unless the alleged violations are, as to them, nuisances in fact. *Eross* v. *Gulewicz,* 252 Mich 134; *Conway* v. *Gampel,* 235 Mich 511; *Village of St. Johns* v. *McFarlan,* 33 Mich 72 (20 Am Rep 671).

In view of our decision concerning the quoted provisions of the ordinance, we need not pass upon the remaining provisions. It should be stated that our decision does not preclude the regulation of plaintiffs' abodes for sanitary, health or other similar reasons under any other law or the police power.

The judgment of the court holding that the ordinance was invalid as to plaintiffs is affirmed, with costs.

CARR, C. J., and SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.