TOWNSHIP OF ROMULUS *v.* CITY OF DETROIT.

1. INJUNCTION—HEALTH HAZARD—WATER SYSTEM.
   The mere fact that plaintiff township is apprehensive that defendant city's user of water transmitted through plaintiff's system and supplied by other defendant city would so reduce the water pressure in plaintiff's system as to create a health hazard due to seepage of surface water into the mains is insufficient to warrant the granting of injunctive relief, consideration of such relief being deferred until such a health hazard does result.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 56 Am Jur, Waterworks and Water Companies §.24 *et seq.*

2. TOWNSHIPS—METROPOLITAN AREA WATER SUPPLY—CONTRACTS—
REIMBURSEMENT FOR ADDITIONAL COST OF SYSTEM.

Township's claim to reimbursement for sum spent in constructing water mains which, by virtue of the fact they were a part of a metropolitan area water supply system, were larger than necessary to supply plaintiff's needs *held*, not a matter of contract right, express or implied, under arrangements whereby plaintiff township participated in the construction of the system.

Appeal from Wayne; FitzGerald (Frank) and Bohn (Theodore R.), JJ. Submitted June 5, 1962. (Docket No. 4, Calendar No. 49,491.) Decided June 13, 1962.

Bill by Township of Romulus, a municipal corporation, against City of Detroit and City of Belleville, municipal corporations, to enjoin use of plaintiff's water system for transmission purposes. Bill dismissed. Petition for rehearing and for declaration of rights denied. Plaintiff appeals. Affirmed.

*Anthony F. Leone,* for plaintiff.

*Robert Reese,* Corporation Counsel, and *John D. O'Hair,* Assistant Corporation Counsel, for defendant City of Detroit.

*Cozadd & Shangle (Charles B. Cozadd,* of counsel), for defendant City of Belleville.

ADAMS, J. Romulus township instituted chancery proceedings in the Wayne circuit court June 30, 1961, seeking an injunction to restrain the city of Detroit and the city of Belleville from carrying out a contract which would permit the city of Belleville to draw water from the Romulus township water system.

Plaintiff alleges the contract between the city of Detroit and the city of Belleville violates a contract

dated February 23, 1960, entered into by plaintiff and the county of Wayne. The contract was assigned to the city of Detroit by the county on August 3, 1959, with plaintiff's approval.

The circuit court held that until a connection is made with the Romulus system by Belleville, plaintiff cannot complain of the proposed action under the contract between Detroit and Belleville. The bill was dismissed on July 14, 1961, on the ground that it failed to state a cause of action. Plaintiff's petition for declaration of rights or rehearing filed July 20th was denied on August 7th.

Under the contract which now exists between Detroit and Romulus, Wayne county had agreed to furnish water to Romulus, and Romulus granted the county continuous flowage rights in all facilities of the Romulus water system to conduct water to areas beyond Romulus. The contract provides that each connection with another area shall have the prior approval of Romulus but that it shall be the duty of Romulus to approve the connection if it causes no interference with the supply of water to Romulus.

In the contract between Belleville and Detroit, Detroit reserved the right to restrict deliveries to Belleville so as not adversely to affect the water supply of related or adjacent areas presently served by Detroit. Plaintiff alleges on information and belief that if Belleville were to draw water from plaintiff's water system, the system would be reduced to extremely low pressures and as a result contaminated surface water would infiltrate the system.

An examination of the pleadings fails to reveal any statement of facts which would support plaintiff's conjecture that if the city of Belleville draws water from Romulus, the water pressure in the mains will be so reduced as to create a health hazard due to seepage of surface water into the mains. The mere fact that Romulus is apprehensive that such

a situation will result is not a proper basis for injunctive relief. *Warren Township School District No. 7, Macomb County,* v. *City of Detroit,* 308 Mich 460 (1 CCH Av 1162); *Plassey* v. *S. Loewenstein & Son,* 330 Mich 525.

It appears that the city of Belleville's contract has been a matter of public record since May 3, 1960. This request for an injunction was brought over a year later. All of the parties are on notice with regard to their respective rights under the contracts which they have entered into. In the event the city of Belleville does draw water from the township of Romulus pursuant to its contract with Detroit and a health hazard does result from such action, appropriate steps in the nature of injunctive relief can then be considered. *Warren Township School District No. 7, Macomb County,* v. *City of Detroit, supra;* 28 Am Jur, Injunctions, § 90, p 588.

Plaintiff further seeks reimbursement of $365,000 which it alleges was invested to construct mains not necessary to plaintiff's system but required by Detroit or its predecessors and which will benefit Detroit and other communities.

Nowhere in the pleadings or the contracts does there appear any provision in the way of a contractual right, express or implied, whereby the city of Detroit would be required to reimburse Romulus township for such use of its mains. On the contrary, the continuous flowage rights to Detroit are specifically provided for. It would appear that such rights are a part of a metropolitan system of interconnecting mains involving numerous communities. It may be that under a proper contract transmission rights would be reimbursable. However, under the terms of this contract which are before us, the construction of the mains and the rights of flowage in them would appear to be a part of the consideration for furnishing water to the township of Romulus and

permitting the township to be a part of "the city of Detroit and the Wayne county metropolitan area water supply system."

The trial court properly dismissed the bill of complaint and it is hereby affirmed, with costs to appellees.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.