## PEOPLE *v.* DMYTRO.

1. Municipal Corporations—Use of Streets—Regulation—Prohibition.

    A municipality's power to regulate the use of its thoroughfares for ordinary and usual purposes should be sparingly exercised, but right to use of streets as a definite means or instrumentality for carrying on a private business may be given or withheld.

2. Same—Ordinances—Curb Service.

    Ordinance prohibiting rendition of curb service on public streets by those engaged in business for sale or solicitation of sales of goods in a store, stand or building *held,* not unreasonable, discriminatory, arbitrary or capricious, where such prohibition was confined to streets on which there is congested traffic (Const. 1908, art. 8, § 28).

3. Same—Ordinances—Power to Enact—Policy.

    If a municipality has power to enact an ordinance, the wisdom of such action is not subject to review in the courts.

4. Costs—Public Question—Validity of Ordinance as to Curb Service.

    On city's appeal from decision of circuit court setting aside conviction for violation of ordinance prohibiting rendition of curb service by certain individuals on certain streets, no costs are awarded on reversal, a public question being involved.

Appeal from Wayne; Chenot (James E.), J. Submitted April 29, 1937. (Docket No. 159, Calendar No. 39,524.) Decided May 21, 1937.

Mary Ann Dmytro was convicted in justice court of violation of Dearborn city ordinance prohibiting sale of goods at curbs. Conviction vacated in circuit court. Appeal by prosecution. Reversed.

*James E. Greene,* Corporation Counsel (*Richard A. Hicks,* of counsel), for People of City of Dearborn.

*Belding & Fish,* for defendant.

NORTH, J. Mary Ann Dmytro, appellee herein, was convicted in justice court of violating an ordinance of the city of Dearborn. She appealed to the circuit court of Wayne county wherein her conviction was vacated on the ground that the ordinance was unconstitutional. The prosecution has appealed.

The ordinance was enacted for the purpose of prohibiting what is commonly known as "curb service." The pertinent parts read:

"SEC. 1. It shall be unlawful for any person, firm or corporation to use the public streets in the city of Dearborn for the purpose of furnishing curb service as herein defined.

"SEC. 2. 'Curb service' is defined as the use of the public streets by a person, firm or corporation engaged in business in any store, temporary or permanent stand or box, building, structure or the like, for the sale or solicitation of sales of goods, wares or merchandise."

The validity of this ordinance is challenged on the ground that it is unreasonable, discriminatory, arbitrary and capricious; and that it is not justified as

being a reasonable exercise of the police power of the city of Dearborn. The defendant owns and operates a small stand located on private property adjacent to one of the main thoroughfares in the city of Dearborn. Her business is that of selling tobacco, cigarettes, gloves, hats, candy and other like merchandise. There are several small business places of similar character along this same street. Customers and patrons drive up to the curb in front of defendant's place of business, whereupon she walks over to the car, secures the order for the merchandise desired, goes to her stand, procures the merchandise, returns to the curb, makes delivery of the article or articles sold and receives payment therefor. It is the claim of the city that such use of its streets by the defendant and others is an extraordinary and unreasonable use; and that the city under its constitutional power to the reasonable control of its streets (Const. 1908, art. 8, § 28) may prohibit such use whenever it appears to be reasonably necessary in the regulation of traffic and in preventing undue congestion thereof. Appellee does not question the right of the village to exercise reasonable control of its streets but she urgently contends that this particular ordinance is unreasonable, discriminatory, arbitrary and capricious.

In passing upon the validity of an ordinance of this character it is of prime importance to determine first whether the ordinance is aimed at regulating a use of the street as a place or instrumentality for business for private gain, or a use of the street by a member of the public in the usual way for business or pleasure. We think it is too clear for argument that in the instant case the defendant is seeking to use the street as a place for promoting and conducting her private business. She does not seek to use the street in the usual and ordinary manner for which public

thoroughfares are established and maintained. It has long been settled law that the municipality's power to regulate the use of its thoroughfares for ordinary and usual purposes should be sparingly exercised; but when it comes to the use of streets as a definite means or instrumentality for carrying on a private business, such right may be given or withheld.

"The distinction between the use by the public in the usual way for pleasure or business and as a place or instrumentality for business for private gain is fundamental. While as to the former the power to regulate must be sparingly exercised and only when necessary in the public interest, as to the latter the right to use may be given or withheld." *Melconian* v. *City of Grand Rapids,* 218 Mich. 397, 404.

Decision of invalidity of the ordinance in the circuit court was based largely on the ground that the ordinance as drafted was unreasonable. In this particular it was noted that the ordinance applies not only to streets on which there is congested traffic, but also to the more sparsely settled portions of the city where people reside who are engaged in agricultural pursuits. A reasonably careful reading of the ordinance discloses that it is not applicable to residences in such localities or in ordinary residential districts. By its terms the operation of the ordinance is confined to streets whereon persons or corporations are "engaged in business" in a store, stand or building, in the sale or soliciting of sales of goods, wares or merchandise. The record in this case discloses that at the time and place the alleged violation of the ordinance occurred traffic was "very congested." When the ordinance is confined, as it is by its express terms, to soliciting and carrying on of business in the street by the keeper of a store or shop, it clearly applies to

conducting a private business in the street and cannot be said to be unreasonable, discriminatory, arbitrary or capricious. In arriving at the above conclusion we are mindful of appellee's contention that this ordinance is discriminatory because under another ordinance hawkers and peddlers are licensed to operate and when so doing make use of the city streets. But it is provided in the hawkers and peddlers' ordinance:

"No licensee shall stop or remain in any one place upon the streets, alleys or public places of the city longer than necessary to make a sale to a customer wishing to buy."

Obviously the quoted provision is designed to prevent hawkers and peddlers from creating congestion in the streets and in its purpose is not unlike the ordinance provision of which the appellee herein complains. There is no objectionable discrimination in this particular.

If the municipality has the power to enact the ordinance, the wisdom of such action is not subject to review in the courts. *Red Star Motor Drivers' Ass'n* v. *City of Detroit*, 234 Mich. 398, 419. Nor is it for the courts to say that because substantially the same result might be accomplished by the enactment of a different type of ordinance, a parking ordinance for example, that therefore the present ordinance is invalid. As noted above, by constitutional provision the city is vested with the power to control reasonably the use of its streets; and as pointed out in the *Melconian Case, supra,* and other cases therein cited, the city's power to regulate the use of streets for private gain is liberally construed. The instant ordinance is valid. It has to do with the regulation of traffic conditions in the city streets and as such comes

within the powers vested in the city by the Constitution.

Notwithstanding the circuit judge saw fit to take testimony in this case, he disposed of it by granting defendant's motion to dismiss the complaint and warrant. In so doing the trial court was in error. The judgment entered in the circuit court is reversed and the case remanded for further proceedings therein. A public question is involved and no costs are awarded.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.