FOSTINI *v.* CITY OF GRAND RAPIDS.

1. PLEADING—MOTION TO DISMISS—COURT RULES.
    The submission of a motion to dismiss is expressly authorized by court rule when any pleading at law or in equity is deemed to be insufficient in substance (Court Rule No 17, § 7 [1945]).

2. DECLARATORY JUDGMENT—MOTION TO DISMISS—PLEADING.
    A motion to dismiss was properly interposed and granted in suit to obtain a declaration of rights, where there was an assertion of rights to which the plaintiff was not lawfully entitled or the bill contained mere expressions of opinion (Court Rule No 17, § 7 [1945]).

3. MUNICIPAL CORPORATIONS—CONTROL OF PUBLIC THOROUGHFARES.
    A home-rule city is vested with authority to regulate its public thoroughfares (Const 1908, art 8, § 28; CL 1948, § 117.1 *et seq.*, as amended).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Dismissal, Discontinuance and Nonsuit § 52.
[2] 16 Am Jur, Declaratory Judgments § 67.
[3] 37 Am Jur, Municipal Corporations § 102 *et seq.*
[4, 5] 25 Am Jur, Highways §§ 191–194.
[6] 25 Am Jur, Highways § 192.

4. HIGHWAYS AND STREETS—USE FOR CONDUCT OF BUSINESS.

There is no vested or constitutional right to use the public streets as a place of business for private gain, whether the business be principally conducted thereon or whether the use thereof be only incidental but essential to the business.

5. MUNICIPAL CORPORATIONS—HIGHWAYS AND STREETS—USE FOR BUSINESS PURPOSES.

The right to the use of the public streets for business purposes is a privilege which a home-rule city may withhold or grant upon such terms and conditions as it sees fit (Const 1908, art 8, § 28; CL 1948, § 117.1 *et seq.*, as amended).

6. EQUITY—USE OF STREETS FOR BUSINESS PURPOSES—MUNICIPAL ORDINANCES—PARKING.

Bill by plaintiff for declaration of rights that, in substance, sought permission to carry on his business of sharpening knives and other tools on the public streets without regard to the provisions of a valid ordinance under which fees were charged for parking on certain portions · of the street and otherwise regulating street traffic, failed to state a cause of action of which a court of equity should take cognizance (Const 1908, art 8, § 28; CL 1948, § 117.1 *et seq.*, as amended).

Appeal from the Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted January 16, 1957. (Docket No. 91, Calendar No. 46,902.) Decided February 28, 1957.

Bill by Charles Fostini against the City of Grand Rapids, a municipal corporation, for declaratory decree holding city parking ordinance invalid as to him. Bill dismissed on motion. Plaintiff appeals. Affirmed.

*Thomas G. Roach,* for plaintiff.

*George R. Cook,* City Attorney, and *Claude Vander Ploeg,* Deputy City Attorney, for defendant.

CARR, J. Plaintiff in this suit questions the validity, as applied to him, of an ordinance of defendant

city adopted October 2, 1950, and providing for the
regulation of street traffic. Among other matters,
said ordinance contemplated the installation of park-
ing meters, spaces and zones, on streets in the cen-
tral business district or elsewhere as established by
the city commission. The ordinance is now in force
and parking meters have been installed and are being
maintained as provided therein. The bill of com-
plaint filed alleged that plaintiff is a resident of said
city, that he is and has been for many years engaged
in the business of sharpening knives and other tools
requiring sharp edges, that in his operations it is re-
quired that he operate a truck containing supplies
and appliances used by him in his work, and that he
can serve his customers in no other convenient or
profitable way than by parking in close proximity to
the places served. The pleading further set forth
that his operations are conducted in his truck, that
in some instances it is necessary that the vehicle re-
main at 1 location for a period of 2 hours or more,
and that plaintiff has on occasions been required to
pay fines for parking in excess of an hour.

Plaintiff complains that under the ordinance in
question he cannot park his truck except by paying
the sum of 5 cents. He alleges that the parking meter
fee is in reality a discriminatory tax on the opera-
tion of his business, that his use of the highway is
necessary to enable him to earn a livelihood, and
that the ordinance deprives him of property without
due process of law and, likewise, denies him the equal
protection of the law in violation of constitutional
guaranties relating to said matters. Alleging that
an actual controversy exists between himself and law
enforcement officers of the defendant, he asks the
Court to make a declaration of rights that the mu-
nicipal parking meter ordinance is unconstitutional
and void as to him, and to grant such further equi-
table relief as may be found proper. Portions of the

ordinance relating to parking motor vehicles on the public streets of the city are set forth in the record.

On behalf of defendant a motion to dismiss the case was made on the ground that plaintiff had "no legal cause of action." Following a hearing on said motion the trial judge came to the conclusion that it was well-founded and entered an order accordingly dismissing the cause. Plaintiff has appealed, claiming that the trial court was in error. Michigan Court Rule No 17, § 7 (1945), expressly authorizes the submission of a motion to dismiss when any pleading at law or in equity is deemed to be insufficient in substance. Presumably defendant's motion was made pursuant to the rule. *Rathbun* v. *State of Michigan,* 284 Mich 521.

In *Plassey* v. *S. Loewenstein & Son,* 330 Mich 525, the plaintiffs brought suit in equity for the purpose of obtaining injunctive relief. On motion, the bill was dismissed on the ground that it did not set forth a cause of action. In discussing the situation the Court referred to the rule on which counsel for appellant relies in the instant case, namely, that facts well-pleaded in the bill must be accepted as true. It was pointed out, however, that allegations of mere conclusions are not sufficient to save a pleading from dismissal on motion. The assertion of rights to which one is not lawfully entitled must necessarily fall in the same category. A similar conclusion follows with reference to statements that must in the final analysis be regarded as expressions of opinion.

In the case at bar plaintiff emphasizes his claim, as set forth in his bill, that it will be impossible for him to earn a living for himself unless he is permitted to disregard the provisions of the municipal ordinance with reference to parking meters and the use of the streets for parking purposes. Obviously the ordinance was designed for the benefit and protection of the public generally, and as incident thereto it

was deemed essential to guard against an individual, or individuals, monopolizing parking space so as to discriminate against other members of the public. It is not open to question that the city is vested with authority under the provisions of the Constitution and the home-rule act* to regulate its public thoroughfares. Article 8, § 28, of the State Constitution (1908), provides:.

"No person, partnership, association or corporation operating a public utility shall have the right to the use of the highways, streets, alleys or other public places of any city, village or township for wires, poles, pipes, tracks, or conduits, without the consent of the duly constituted authorities of such city, village or township; nor to transact a local business therein without first obtaining a franchise therefor from such city, village or township. The right of all cities, villages and townships to the reasonable control of their streets, alleys and public places is hereby reserved to such cities, villages and townships."

It will be noted that transaction of a local business in a municipal street or other public place without the express permission of the municipality is forbidden by the language quoted. In the case at bar, however, it would appear that plaintiff is asserting such right notwithstanding the constitutional inhibition. The general rule in this regard is stated in 64 CJS, Municipal Corporations, § 1774, pp 224, 225, as follows:

"There is no vested or constitutional right to use the public streets as a place of business for private gain; nor is there any natural or inherent rights so to use the streets, whether such business be principally conducted on such streets or whether the use thereof be only incidental but essential to the business. On the contrary, generally the use of the

* CL 1948 and CLS 1954, § 117.1 *et seq.* (Stat Ann and Stat Ann 1955 Cum Supp § 5.2071 *et seq.*).—REPORTER.

streets for carrying on business or for the purpose of inducing business is unauthorized. Such use is special and extraordinary, and differs fundamentally and radically from the ordinary use for travel and transportation in the ordinary course of life. The right so to use the streets is a privilege which can be acquired only by permission which the municipality may grant or withhold, and in granting permission for such use the city may prescribe such terms and conditions as it sees fit."

This Court has in prior decisions recognized the general rule as above quoted. In *Melconian v. City of Grand Rapids,* 218 Mich 397, there was involved the validity of an ordinance of the defendant providing for the regulation of taxicabs and requiring the obtaining of a license therefor. With certain exceptions not material here, the validity of the ordinance was sustained, the Court pointing out (p 407) that the plaintiffs were seeking "to use the streets as a place in which to carry on a private business for personal gain." It was declared that the distinction between such use and that by the public in the usual way for pleasure or business was fundamental, and that use as an instrumentality for private gain may be granted or withheld.

It is significant also, in view of the claims made on behalf of appellant in the case at bar, that the license fees imposed by the ordinance in the *Melconian Case* were sustained as against the claim that they were imposed "for the purpose of revenue." On the general proposition involved the case was cited and followed in *People v. Dmytro,* 280 Mich 82 (111 ALR 128), which involved an ordinance of the city of Dearborn forbidding the use of public streets for the purpose of furnishing so-called "curb service." There the defendant operated a stand on private property from which she sold tobacco, cigarettes, candy and other merchandise. Apparently her customers, or

some of them, were in the habit of driving up to the curb, whereupon defendant would proceed to the car, secure an order for merchandise, return with it, and receive payment. It was contended that the ordinance if applied to prevent defendant from carrying on such business was unreasonable and discriminatory. Pointing out that the defendant was seeking to use the street in the conducting of a private business, the Court concluded that the ordinance was valid because it related to the regulation of traffic conditions on city streets and as such was within the powers vested in the city by the Constitution.

Decisions in other States are in accord with the Michigan cases above cited. In *Rowe* v. *City of Cincinnati,* 117 Ohio St 382 (159 NE 365), it was held that a license permitting an abutting owner to erect gasoline pumps in a street was subject to revocation, and that aside from the permit no right could be acquired to appropriate the street for private business. A like conclusion was reached by the supreme court of Oregon in *Lowell* v. *Pendleton Auto Company,* 123 Or 383 (261 P 415), which involved the storage and repair of automobiles on a public street, an unauthorized use.

The right of a city to establish a system of parking meters on its public streets has been recognized by this Court in *Bowers* v. *City of Muskegon,* 305 Mich 676; *Wayne Village President* v. *Wayne Village Clerk,* 323 Mich 592 (8 ALR2d 357); and *Cleveland* v. *City of Detroit,* 324 Mich 527 (11 ALR2d 171). In the *Bowers Case* the ordinance of the city of Muskegon involved fixed the fees to be charged for parking, as does the ordinance of the defendant city in the case at bar. There, as here, such provision was assailed on the ground that it was a revenue-raising measure. The argument was rejected, the Court declining to hold that the revenue was dis-

proportionate to·the cost of regulation. See, also, *Detroit* v. *Wayne Circuit Judges,* 339 Mich 62.

Construing the bill of complaint in the light of the requested relief, the conclusion cannot be avoided that plaintiff is, in substance, asking a decree permitting him to carry on his business on the public streets of defendant city without regard to the provisions of a valid ordinance enacted pursuant to municipal authority and for the benefit of the general public. We think it must be said that a bill of complaint in equity filed for such purpose and to obtain rights which other members of the public may not claim is insufficient in substance and does not state a cause of action of which a court of equity should take cognizance.

The order of the trial court is affirmed. Defendant may have costs.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY, and BLACK, JJ., concurred.