## GILBERT *v.* FLETCHER.

Judgment—Summary Judgment—Failure to State Claim—Credit Report.

Complaint alleging that plaintiff sold business to certain persons, including one convicted embezzler, in reliance on credit report on embezzler furnished to plaintiff by defendant, that defendant breached duty to plaintiff by failing to report 4-year-old conviction of embezzlement, that business failed because of incompetence and lack of good business judgment of embezzler, and that plaintiff thereby sustained a loss, *held,* not to state a claim upon which relief could be granted, because complaint fails to show basis of duty of defendant to furnish accurate background report, no contractual relationship between plaintiff and defendant is alleged, default in contract of sale of business is not alleged, copy of attached credit report shows accuracy of information was not warranted, that period covered by report is more recent than date of embezzlement conviction, and no causal connection between failure to report embezzlement and loss suffered by plaintiff is alleged.

Appeal from Washtenaw; Breakey (James R., Jr.), J. Submitted Division 2 June 1, 1966, at Detroit. (Docket No. 787.) Decided October 25, 1966.

Complaint by C. Norris Gilbert against Foster L. Fletcher, doing business as Ypsilanti Credit Bureau, for damages alleged to arise out of furnishing of

References for Points in Headnotes
41 Am Jur, Pleadings § 340 *et seq.*

credit report. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*William F. MacQueen* and *Erwin A. Salisbury,* for plaintiff.

*Lawrence, Ulrich, Tripp & Barense,* for defendant.

J. H. GILLIS, J. Plaintiff, C. Norris Gilbert, on November 9, 1964, instituted suit against defendant, Foster L. Fletcher, doing business as Ypsilanti Credit Bureau, contending that he furnished an inadequate, incomplete, and misleading credit report for a consideration to the plaintiff and as a result thereof plaintiff was damaged. Defendant filed a motion for accelerated judgment requesting in the alternative that a motion for summary judgment be granted contending the complaint failed to state a cause of action. The trial court, after allowing two amended complaints to be filed, granted the motion for summary judgment.

This Court must determine whether the second amended complaint has stated a claim upon which relief can be granted. Each of the parties hereto filed affidavits in support of and in opposition to the motion. Depositions were taken and filed.[*]

Plaintiff's complaint alleged that he had operated a men's clothing store in Big Rapids, Michigan; that an offer of purchase was made to the plaintiff by persons interested in purchasing said business, including one Donald Duane Thompson who was a stranger to the plaintiff; that defendant was hired to furnish a credit and background report on Thompson; and that defendant breached a duty owed to plaintiff in failing to report a 1958 conviction of

---

[*] GCR 1963, 116 and 117, should be examined to determine when affidavits in support of motions brought pursuant to these rules are required. See *Durant* v. *Stahlin* (1965), 375 Mich 628.

Thompson for embezzling more than $1,300 from the
Peoples National Bank, Grand Rapids, Michigan.

The complaint further alleged that the plaintiff
relied upon the report, entered into a sales agree-
ment with Thompson for the sale of the business
which subsequently failed due to the "incompetency
and lack of good business judgment of Donald Duane
Thompson," and plaintiff thereby sustained the loss
of $10,771.26. The second count of the complaint
alleged a breach of an implied warranty.

This second amended complaint, like the two prior
complaints, is replete with shortcomings. It fails
to show the basis for the duty allegedly owed the
plaintiff by defendant to furnish a true, accurate
background report. No contractual relationship is
alleged but merely an allegation that the defendant
was paid a consideration to prepare the report. It
fails to allege who paid the consideration or who
employed defendant to furnish the report. It fails
to allege whether the business sold to Thompson,
pursuant to some agreement, was in default. In
fact, it fails to allege whether Thompson was the
sole purchaser. The credit report attached to the
complaint rebuts plaintiff's theory that there was
a breach of an implied warranty. The report reads:

"The above information is furnished in response
to an inquiry for the purpose of evaluating credit
risks. It has been obtained from sources deemed
reliable, the accuracy of which this organization does
not guarantee."

In addition thereto it provides that the report covers
a two-year period preceding September 19, 1962,
the date of the report. Thompson's conviction was
in 1958. Finally, there is a complete failure in the
complaint to show or allege any correlation between
the failure to report the embezzlement by Thompson

and the loss suffered by plaintiff through the failure of the business.

The trial court correctly determined that the complaint failed to state a claim upon which relief could be granted. See *Fostini* v. *City of Grand Rapids* (1957), 348 Mich 36; *Roblyer* v. *Hoyt* (1955), 343 Mich 431.

Affirmed. Costs to appellee.

FITZGERALD and QUINN, JJ., concurred.