GORDON *v.* SAMSON.

1. TRIAL—INABILITY OF JURY TO AGREE—REMARKS OF JUDGE.
   In trial of issue as to identity of car involved in accident out of which liability of garnishee, as insurer, is claimed to have arisen, remarks of trial judge to jury, which had twice reported it was unable to agree after case had been submitted to it for several hours, that he disliked to discharge the jury in matters which were important to the county and the parties, *held,* not prejudicial under circumstances involved.

2. SAME—COERCION OF VERDICT.
   When it is claimed that a jury has been coerced into returning a verdict, all of the facts and circumstances must be considered as well as the particular language used by the trial judge.

3. SAME—COERCION OF VERDICT—REPEATED REQUEST TO DELIBERATE FURTHER.
   Verdict of jury in garnishment proceedings arising out of an automobile accident and default judgment against principal defendants *held,* not to have been coerced by trial judge either by statement or action in requesting them to return for further deliberation during warm weather after having twice reported inability to agree.

4. SAME—EXAMINATION OF WITNESSES—ARGUMENT OF COUNSEL.
   In jury trial of garnishment proceedings against insurer under an automobile insurance policy, examination of witnesses and argument to jury by defendant's counsel *held,* not prejudicial.

5. APPEAL AND ERROR—DEROGATORY REMARKS IN BRIEF.
   Derogatory remarks in brief of plaintiff's attorney, foreign to any issue in the case, are ordered expunged.

Appeal from Allegan; Miles (Fred T.), J. Submitted April 17, 1940. (Docket No. 19, Calendar No. 39,367.) Decided September 6, 1940. Rehearing denied November 13, 1940.

Garnishment proceedings by Manuel Gordon against Fish Samson and Sam Fish Samson, principal defendants, and Wolverine Insurance Company,

a Michigan corporation, garnishee defendant. Verdict and judgment for garnishee defendant. Plaintiff appeals. Affirmed.

*Clare E. Hoffman,* for plaintiff.

*Kelley, Sessions, Warner & Eger,* for garnishee defendant.

BUSHNELL, C. J.   Plaintiff obtained a default judgment against the principal defendants in the sum of $988.25.   This judgment was for moneys expended by him because of injuries to his wife after she was struck by an automobile claimed to be owned by one of the principal defendants and driven by the other. Plaintiff then secured a writ of garnishment against defendant insurance company, who filed a disclosure denying liability.   Plaintiff appeals from a judgment entered upon the jury's verdict of no cause of action.

Appellant claims that the examination of witnesses by defendants' counsel and his argument were of such a prejudicial nature as to be reflected in a verdict which is contrary to the evidence.   He also contends that the action of the court in requiring the jury to give further consideration to the case after the foreman had announced that agreement was impossible resulted in a verdict which is contrary to the evidence.   The testimony produced at the trial was directed to the single issue of whether Mrs. Gordon was struck by a Willys-Knight automobile, which was insured by the garnishee defendant, or an Oldsmobile, which was not covered by the policy.

The case was submitted to the jury at 4:55 p.m. After supper the foreman informed the court at 7:15 p.m. that the members of the jury were unable to agree.   The court explained the importance of arriving at a just verdict and the need for further deliberation and said that, because of the warm weather,

he would not keep the jury in but would ask them to return in the morning to see if a verdict could be reached. At 11:30' a.m. the next day the jury again reported their inability to agree and the court inquired into the possibility of agreement. The foreman informed the court that the jury then stood four and eight, having stood five and seven the opposite way the night before. After some discussion the court said:

"Well, don't you think you would be willing to do this: Go in and argue this over for a few minutes more, and at dinner time the officer will take you to dinner, come back after dinner and vote once more; if you can't get together then I will discharge you. Don't you think there might be something to that? If you knew how hard it is for me to discharge the jury without a decision, I think you would understand why I suggest that. Now it may be it won't do any good, but you are here anyway, you are here for the half day, and I won't keep you after dinner; if you will go back then and discuss it 15 minutes and vote on it then, knowing the importance of getting together. It is only 25 minutes to 12, and gentlemen, listen to each other's arguments with an open mind, and willing to be convinced, if you can do it conscientiously, and I wish you would do that, I will appreciate it, and then I will dispose of it. All right, the jury may retire."

The jury retired, went to lunch, and at 1:20 p.m. returned a verdict of no cause of action. Appellant places emphasis upon the following statement of the court:

"Now I never like to discharge a jury in important matters like this, that is important to the county and important to the parties in the case."

There is nothing prejudicial about this statement in the setting in which it is found. Appellant does

not cite any authority in support of the argument that the jury should have been discharged when it first announced its inability to agree. This question was recently raised in *Zeitz* v. *Mara*, 290 Mich. 161. It is there said:

"Examination of the authorities shows that, when it is claimed that a jury has been coerced into returning a verdict, all of the facts and circumstances must be considered as well as the particular language used by the trial judge."

The verdict of the jury was not coerced by either the court's statements or its actions.

The claimed prejudicial examination of witnesses and argument by defendants' counsel is given in detail. Little will be gained by a repetition of those portions of the record, it being sufficient to say that they have been carefully examined. In passing on plaintiff's motion for new trial, the court said:

"The issue in this case was simple and clear: Was defendant Samson driving his Willys-Knight car at the time of the accident as claimed by him; or was he driving an Oldsmobile, as claimed by garnishee defendant? There was testimony both ways; and the sole question submitted to the jury was as to which car Mr. Samson was driving.

"1. The verdict is not contrary to the great weight of the evidence.

"2. Counsel on both sides were very vigorous and enthusiastic in their arguments; the court is unable to say which argument was the more vigorous. However, no error results from the argument."

Our observation in *Re Dellow's Estate,* 290 Mich. 167, at page 170, need not be repeated, having been so recently published. It is especially applicable to the instant case. See, also, *Cook* v. *Vineyard,* 291 Mich. 375, 383; *Ehlers* v. *Barbeau,* 291 Mich. 528, at page 533.

The so-called "preliminary observations" on government in the brief of the attorney for plaintiff are foreign to any issue in the case and are of such a derogatory nature that this court cannot permit them to remain as a part of its records. They are hereby expunged.

The judgment is affirmed, with costs to appellee.

Sharpe, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred. The late Justice Potter took no part in this decision.