Howard T. Hogan, J.
In these consolidated actions the Villages of Lloyd Harbor and Huntington Bay seek a judgment declaring chapter 840 of the Laws of 1955 invalid as violative of the Constitutions of the United States and the State of New York, and enjoining the defendant from establishing, maintaining or operating a public beach within the corporate limits of the plaintiffs. Plaintiffs, Williams et al., owners of private property in the village of Huntington Bay, seek the same relief and ask, in addition, that the acquisition by defendant of certain lands for this purpose be declared illegal and void.
Chapter 840 of the Laws of 1955, the statute here challenged, is entitled: ‘‘ An Act to permit the establishment, maintenance and operation of public bathing beaches, together with appurtenant sanitary facilities, access roads, parking fields and playgrounds within the town of Huntington in Suffolk county ’ ’.
It reads as follows:
“ Section 1. Notwithstanding any other general, special or local law, ordinance or regulation, except such provisions of the public health law and the conservation law as may be applicable, the town of Huntington in the county of Suffolk, may establish, maintain and operate public bathing beaches with appurtenant sanitary facilities, access roads, parking fields and playgrounds on lands owned or leased by the town of Huntington or the board of trustees of the town of Huntington at any place within the territorial boundaries of the town of Huntington, and the expense thereof shall be a town charge.
“ § 2. This act shall take effect immediately.” There are several villages within the territorial boundaries of the town of Huntington. The clear intent of this enactment was to strip from only these villages, of all the villages within the State, whatever rights they may have had, by zoning ordinances, building codes or otherwise, to prohibit such a use within their borders.
Only as a last resort will the courts strike down a legislative act on the ground that it conflicts with the State or Federal Constitutions. Every presumption in favor of its validity must be made, but if it appears to be a clear usurpation of a prohibited power, then it may be declared unconstitutional in an action of this nature. (New York State Trailer Coach Assn. v. Steckel, 208 Misc. 308, and cases cited therein.)
Both plaintiff villages were incorporated under the Village Law, which constitutes their charters, as it does that of every *852 village incorporated since its adoption. (Abell v. Clarkson, 237 N. Y. 85.) In that action the court held that section 18 of article III of the Constitution of the State of New York (renum. in 1938 N. Y. Const. art. III, § 17), forbidding the adoption of a private or local bill incorporating villages, was designed to provide and maintain a uniform charter for all villages. To hold that all that was forbidden was the original incorporation of a village by special act and not the subsequent alteration of its charter, would be to destroy the entire meaning and spirit of that provision. In holding chapter 64 of the Laws of 1909 unconstitutional, it said (p. 87): “ Their charter may not be amended by special latos.” (Italics supplied.)
The court in Matter of Henneberger (155 N. Y. 420) made plain the reason for this constitutional prohibition. It said (p. 425) : “ It is manifest that the purpose of the people, with respect to local governmental measures and to the matters specified in section 18, was to restrict the legislative power and to confine its exercise to the passage of .such general statutes as the welfare of the body politic, as a whole, might be deemed to require. The imposition of such a constitutional restriction upon the legislative power was regarded as necessary, in order to put an end to flagrant abuses in its exercise. The provision expressed a fundamental idea in our popular form of government; namely, to commit to local bodies the discharge of functions, which can be as well, if not better, discharged by them. For a variety of reasons, the state legislature should not be concerned with the administration of those local affairs, as to which there exist local legislative bodies
The legislation now before this court is designed specifically to take from the villages within the town of Huntington certain powers granted them by their charters, as embodied in the Village Law. It singles them out from all the villages in the State of New York for this special treatment and destroys the uniformity which the Constitution guarantees. The court has no alternative but to declare the statute unconstitutional for that reason. (See, also, Magrum v. Village of Williamsville, 241 App. Div. 55.)
Counsel for the defendants argues, however, that even if the statute be declared unconstitutional, nevertheless, sections 81 and 220 of the Town Law permit them to establish beaches anywhere within its limits. Section 81 provides that: “ The town board may upon it own motion and shall upon a petition, as hereinafter provided, cause to be submitted at a special or biennial town election, a proposition: (1) In any town * * * (d) To establish * * * public parking places, public parks *853 or playgrounds, acquire the necessary lands therefor, and equip the same with suitable buildings, structures and apparatus.” Section 220 is entitled “ General town improvements ” and provides that “ Upon the adoption of a resolution therefor, subject to a permissive referendum, the town board may: * * * (4) Establish * * * public parking places, public parks or playgrounds, acquire the necessary lands therefor, and equip the same with suitable buildings, structures and apparatus. ’ ’
Does this permit a town to operate a public park or other recreational facilities within an incorporated village, against the will of the latter, thus destroying a portion of its autonomy ? In seeking the legislative intent, all parts of chapter 634 of the Laws of 1932, known as the “ Town Law ”, must be read together and, if possible, harmonized with each other as well as with the general intent of the whole enactment. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 98, and cases cited therein.)
Article 12 of the Town Law is entitled ‘ ‘ District and Special Improvements ”, and section 198 thereof is entitled “ Powers of town boards with respect to improvement districts. ’ ’ It reads, in part, as follows: “ 4. Park districts. * * * No property situated within an incorporated village * * * shall be acquired in any manner for park purposes, unless the permission and consent of the board of trustees of such village * * * is first obtained; ”. (Italics supplied.)
The titles of the article and section indicate that only park districts are dealt with. The language employed in the body, “ park purposes ”, considered alone, would seem to point to a broader intent to prevent a town from imposing upon a village, against its wishes, any public park use. Certainly the impact of a park upon small villages such as plaintiffs’ might well be as great as that of a park district. Either would remove taxable property from the assessment rolls, and each might create traffic congestion, fire hazards and policing problems not limited to the park area itself, but affecting the surrounding community and possibly imposing a most onerous burden upon it. The distinction between “ parks ” and “ park districts ’ ’, insofar as its effect upon a village is concerned, would seem to be purely academic.
The Court of Appeals recently has reiterated the rule to be applied in this situation. It said in the case of Squadrito v. Griebsch (1 N Y 2d 471, 475): “ "Whatever the reason for the discrepancy, be it legislative oversight or scrivener’s error, there can be no doubt that the text of the statute must take *854 precedence over its title. While a title or heading may help clarify or point the meaning o'f an imprecise or dubious provision, it may not alter or limit the effect of unambiguous language in the body of the statute itself. ‘ The character of a statute ’, we have written, ' is to be determined by its provisions, and not by its title. ’ ”
In brief, the reasons which impelled the Legislature to prohibit a town from establishing a " park district ” within a village, without the latter’s consent, would seem to apply with equal force to the establishment of a park and would make immaterial any distinction between the two in this situation.
Any other interpretation of these statutes would violate the principle enunciated in McQuillin on Municipal Corporations (3d ed., vol. 2, § 7.08) that: " It is firmly established that there cannot be, at the same time, within the same territory, two distinct municipal corporations, exercising the same powers, jurisdiction, and privileges. This rule does not rest on any theory of constitutional limitation, but instead on the practical consideration that intolerable confusion instead of good government almost inevitably would attain in a territory in which two municipal corporations of like kind and powers attempted to function coincidentally.”
Further indication that the aforesaid sections 81 and 220 of the Town Law were intended to refer only to the unincorporated areas of towns is furnished by the fact that the Legislature, itself, deemed it necessary to enact chapter 840 of the Laws of 1955, for the only possible purpose of granting to the Town of Huntington a power which, in the opinion of the Legislature, it did not already possess under the Town Law.
The court finds that the condition imposed by section 198 of the Town Law must control the defendant’s attempt to establish the bathing beaches involved herein.
It does not appear that defendant ever requested permission of the plaintiff villages to acquire these properties for park purposes. Unless such application is made, as provided by section 198 of the Town Law, and refused, defendant cannot attack the plaintiffs’ zoning ordinances, as it now attempts to do. Until that time, the court must assume that, in a proper case, permission would be granted. In the event of an unreasonable refusal defendant has an adequate remedy.
Accordingly, the court concludes that plaintiffs, the Village o'f Lloyd Harbor and the Village of Huntington Bay, are entitled to judgment declaring chapter 840 of the Laws of 1955 to be invalid as violative of section 17 of article III of the Constitution of the State of New York; declaring that the *855 acquisition of lands within the plaintiff villages by defendant was illegal under subdivision 4 of section 198 of the Town Law; and enjoining defendant from establishing, maintaining or operating public beaches within the corporate limits of plaintiff villages.
The same relief is granted to plaintiffs Williams et al., upon their complaint, but so much thereof as seeks a direction to defendant to sell the property already acquired, is denied. Subdivision 4 of section 198 of the Town Law, contains a further provision “ that such permission and consent, if obtained subsequent to the acquisition of any such property, shall be effective for all purposes and to the same extent as though obtained prior to such acquisition.” (Italics supplied.) Defendant should have a reasonable opportunity to apply for such consent, and, if it is denied, to test the reasonableness of such refusal.
The court cannot find upon the proof adduced before it that the proposed use of the land in the village of Huntington Bay by defendant should be enjoined because it will result in great and irreparable injury to the individual plaintiffs and will substantially depreciate the market value of their homes and properties. In Matter of Diocese of Rochester v. Planning Bd. (1 N Y 2d 508) the Court of Appeals recently held (p. 524 et seq.) that adverse effect upon property values or decreased enjoyment of neighborhood properties by reason of noise and inconvenience occasioned by the establishment of a church and school with appurtenant play areas and parking fields, was insufficient ground to bar such a use. It said (p. 524): “ Moreover, in view o'f the high purposes, and the moral value, of these institutions, mere pecuniary loss to a few persons should not bar their erection and use.”
The same reasoning may be applied to the establishment, under proper conditions and safeguards, of a public park, beach, or other recreational area.
The above shall constitute the decision of the court in accordance with the provisions of section 440 of the Civil Practice Act.