Fuld, J.
Some time before 1955, the Town of Huntington acquired lands in the Village of Lloyd Harbor and in the Village of Huntington Bay — both villages being within the town’s territorial limits — for the purpose of operating them as public bathing beaches. Both villages had zoning ordinances, which in effect exclude such beaches, it being conceded that they were zoned for residence purposes only.. In April of 1955, the Legislature enacted a statute (L. 1955, ch. 840) which in part provides that, “Notwithstanding any other general, special or local law, ordinance or regulation * * * the town of Huntington, in the county of Suffolk, may establish, maintain and operate public bathing beaches * * * on lands owned or leased by the town of Huntington * * * at any place within [its] boundaries ”.
Regarding this act as the town’s sole authority to establish public bathing beaches, the villages brought suit urging that the statute is unconstitutional; it is their thesis that the zoning ordinances prohibit such beaches and that, therefore, the 1955 legislation is a local law which amended the village charters. A declaratory judgment with injunctive and other incidental relief is sought. Some time later, a group of residents of the *187 Village of Huntington Bay instituted a taxpayer’s action for substantially the same relief, and the two actions were consolidated. The court at Special Term decided in favor of the plaintiffs in both actions. It was that court’s view, to state it shortly, that the 1955 act was “ designed specifically to take from the villages within the town of Huntington certain powers granted them by their charters, as embodied in the Village Law” and, by reason thereof, must be deemed local in character and violative of article III, section 17, of the New York State Constitution. The Appellate Division, by a divided vote, affirmed.[1]
We have, reached a different conclusion. The town had the authority, quite apart from chapter 840 of the Laws of 1955, to establish a public bathing beach within village limits without village permission. That being so, the 1955 statute but confirmed and clarified a power which the town already possessed and may not, therefore, be subjected to any charge of unconstitutionality.
Actually, there are three statutes (Town Law, § 81, subd. 1, par. [d]; Town Law, § 220, subd. 4; L. 1906, ch. 87) which have long constituted grants of authority to a town to establish public parks — and bathing beaches are parks (see, e.g., Caldwell v. Village of Island Park, 304 N. Y. 268; Augustine v. Town of Brant, 249 N. Y. 198) —in village territory within town limits. The earliest of these statutes, the 1906 law, as later amended (L. 1943, ch. 710, pt. four, tit. 1, § 4), empowers * ‘ The town board of any town in the county of Suffolk * * * [to] acquire land in such town for park purposes ”, while subdivision 4 of section 220 of the Town Law authorizes every town board throughout the state to “ Establish airports, landing fields, public parking places, public paries or playgrounds, acquire the necessary lands therefor, and equip the same with suitable buildings, structures and apparatus.” Section 81, subdivision 1 [d], reads in almost identical fashion.
The plaintiffs contend, however, that these statutes permit the town to establish a public park only in town territory out *188 side of an incorporated village and, if such park be placed within the village, the latter’s consent is essential. Such an argument does not stand analysis.
In so many words, subdivision 4 of section 220, as it reads today, broadly empowers a town to establish a public park within its boundaries. There is no suggestion or intimation that the park is to be located outside the villages. Whenever the Legislature has desired to restrict the location of any facility or improvement to town territory beyond or outside the corporate limits of a village, it has made its design unmistakably plain by the use of appropriate language (e.g., Town Law, § 220, subd. 5, dealing with public dumps; Town Law, § 198, subd. 1, par. [e], dealing with sewer pipes; Town Law, § 198, subd. 3, par. [a], dealing with water pipes; General Municipal Law, § 240, as amd. by L. 1957, ch. 532, dealing with playgrounds and recreation centers).[2] Indeed, the Legislature had actually so provided with respect to a public park itself in former section 342 of the Town Law; it had expressly authorized a town to establish public parks, but only “ outside an incorporated village ”. The repeal of section 342 and its replacement by present subdivision 4 of section 220, without such qualifying and restrictive language, furnish convincing demonstration that the Legislature did not desire to prohibit a town from establishing a public park within an incorporated village.
Moreover, it should be remarked that section 220 does not refer only to parks. It also authorizes the town, in wording quite similar to that contained in subdivision 4, to erect a town hall or a town lockup (subd. 3) and, in subdivision 4 itself, to construct and maintain parking lots and airfields. If the limited interpretation urged by the villages were to be adopted, no such improvements or facilities could be located in those towns, their number may be few, where there is no area outside of incorporated villages. Having these considerations in mind, it is manifest that a statute which authorizes a town to establish *189 a public park allows it to locate such park within a village in the town unless the statute itself, or some other statute, forbids — and this, we note, in passing, has been the view of State Comptrollers who have addressed themselves to the question. (See, e.g., 9 Op. St. Comp., 1953, p. 336; 4 Op. St. Comp., 1948, p. 596.)
And, contrary to the opinion expressed by the trial court, section 198, subdivision 4, of the Town Law does not qualify the other statutes or require village consent to the establishment of public parks. Actually, it has no application to a town public park.
While subdivision 4 of section 198 does declare that no property within a village is to be acquired ‘ ‘ for park purposes ” unless the permission of the village trustees is obtained, the statute, as both its text and its title make evident, deals solely with a 1 ‘ park district ’ ’ park, a completely different type of park from the town public park. Section 198, which grants the town board authority to exercise certain powers “with respect to improvement districts ”, is contained in article 12 of the Town Law, and, as a reading of the" several sections contained in that article discloses, it is entirely given over to specifically designated improvement districts. Each district and its improvements, maintained wholly at the expense of the district, are exclusively for the benefit of the people within the district (Town Law, § 190; § 198, subd. 4; § 202, subd. 3; § 202-a). Consequently, if the district takes in but a portion of the village, villagers outside the district area would be denied the use of the park district. In such a case, it is only natural that village permission should be required if property within its boundaries is sought for the district (Town Law, § 190). But, quite obviously, there is no need or reason for village permission when the town establishes a general town improvement, such as a public park, for, in such a case, the improvement is open and available to all within the town, and, since a village is part of the town, no villager may be excluded from its use or enjoyment.
Our conclusion that section 198 does not apply to public parks is confirmed by at least one other consideration. Subdivision 4 of that section also provides that the town board may sell “any property acquired for park purposes” at such an *190 amount as it may determine, though not less than cost, and apply the proceeds to the purchase of other property for park purposes. If the subdivision means what the plaintiffs say it does, if it were held to cover the town public park, the provision just quoted would have to be read as giving all towns a blanket, authority to dispose of their public park property. That, of course, cannot be, for the law is firmly established that public park- property may not be disposed of without express legislative permission in each instance. (See, e.g., Brooklyn Park Comrs. v. Armstrong, 45 N. Y. 234, 243; Aldrich v. City of New York, 208 Misc. 930, 938-939, affd. 2 A D 2d 760; see, also, 10 McQuillin on Municipal Corporations [3d ed., 1950], § 28.38, pp. 82-83.) It follows, therefore, that the phrase “for park purposes ”, as used in subdivision 4 of section 198, is necessarily referable to a park district and relates only to property within such district.
Once we have decided that neither that statute nor any other requires the town to procure village consent for the establishment of a public park or bathing beach, the question arises whether a village zoning ordinance limiting property to residential uses can prevent the town from setting up and maintaining such a park or beach. We do not believe it can.
Since, according to the record before us, both Huntington Bay and Lloyd Harbor zoned all of their territory ‘1 for residence purposes only”, intending thereby to exclude parks and beaches, the ordinances are themselves contrary to the spirit and purpose of the zoning provisions of the Village Law, pursuant to which they were enacted. Section 175 of the Village Law" provides that it is for the “purpose of promoting the health, safety, morals, or the general welfare of the community ’ ’ that a village board of trustees is empowered to enact zoning regulations. Ordinances which have been found to bear no “substantial relation” to such purposes have frequently been stricken as “void and ineffectual”. (Long Is. Univ. v. Tappan, 202 Misc. 956, 960, affd. 281 App. Div. 771, affd. 305 N. Y. 893; Matter of Concordia Collegiate Inst. v. Miller, 301 N. Y. 189, 195-196; Nectow v. City of Cambridge, 277 U. S. 183, 188.)
Idyllic and charming though the particular areas here involved may be, it cannot be gainsaid that in these days of *191 congested cities and burgeoning suburbs, with their traffic-packed streets, their hustle and bustle and their fume-laden air, parks and beaches have come to be regarded as essential to the health and welfare of the community. And, in recognition of this, the State of New York has not only carried on extensive park and recreational projects of its own but actively encouraged and fostered the establishment of public parks by counties, cities and towns. It may truly be said that the maintenance of public parks is a matter of state concern. (See, e.g., Aldrich v. City of New York, 208 Misc. 930, 940, affd. 2 A D 2d 760, supra.) Consequently, a village ordinance, which professes wholly to exclude public parks and bathing beaches, bears no more “ substantial relation” to zoning purposes than does a regulation which entirely prohibits the erection of colleges (see Long Is. Univ. v. Tappan, 305 N. Y. 893, supra; Matter of Concordia Collegiate Inst. v. Miller, 301 N. Y. 189, supra) or religious edifices and schools. (See Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton, 1 N Y 2d 508; Matter of Community Synagogue v. Bates, 1 N Y 2d 445.)
Indeed, the Village Law actually includes parks among public services and activities deemed essential. Thus, section 177 of the Village Law requires that zoning regulations shall 1‘ facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements.” In calling upon a village to provide for parks, in denominating them a ‘ ‘ public requirement,” the Legislature has in effect declared them to have a public purpose and to be in furtherance of public health and welfare. If villages may not zone, as we have held, against churches and schools, with their playgrounds and parking fields, they may not be permitted to zone against public parks and beaches.[3]
*192 Regarding the plaintiffs’ contention that chapter 840 of the Laws of 1955 violated the constitutional provision which forbids enactment of a private or local bill ‘ ‘ Incorporating villages ” (N. Y. Const., art. Ill, § 17), little, if anything, need be said. As already noted, the town long before 1955 was authorized to acquire lands within a village for use as a public beach without the consent of the village and despite zoning ordinances to the contrary; it follows, therefore, that the 1955 act merely confirmed and clarified the existence of a power already enjoyed by the town. In other words, the statute, giving no added authority to the town and, by the same token, taking nothing from the villages, effected no change or alteration in any village charter and cannot possibly be regarded as violative of the constitutional provision.
The judgment of the Appellate Division should be reversed and judgment directed adjudicating and declaring the rights of the parties in accordance with the views expressed in this opinion, with costs in all courts.
Chief Judge Conway and Judges Desmond, Froessel and Burke concur with Judge Fuld ; Judges Dye and Van Voorhis dissent and vote to affirm.
Judgment reversed, etc.

. The plaintiffs in the second action also sought a judgment declaring the town’s acquisition of the lands there in question illegal and directing their sale. Both courts below denied such relief, and the plaintiffs have not chosen to appeal from that determination.

. For instance, subdivision 5 of section 220 of the Town Law, in sharp contrast with subdivision 4, after providing that a town board may establish one or more public dumps “within or without such town” and acquire the land necessary therefor, explicitly declares that “ No such land shall be acquired within the corporate limits of any * * * village * * * without the consent” of such village.

. Placing our decision on this ground, we do not reach the further argument that the establishment and maintenance of a public park serve a governmental function and that, accordingly, the town is not subject to village zoning restrictions. (See Nehrbas v. Incorporated, Vil. of Lloyd Harbor, 2 N Y 2d 190, 193.) It is not, therefore, necessary to inquire or consider whether a town activity, here, the operation of a public bathing beach, may be regarded as governmental insofar as zoning is concerned (see, e.g., Brush v. Commissioner, 300 U. S. 352, 371), despite cases to the contrary in the field of tort liability. (See Augustine v. Town of Brant, 249 N. Y. 198, 204, supra; Caldwell v. Village of Island Bark, 304 N. Y. 268, 273, supra.)