KELLER *v.* CITY OF SOUTHFIELD.

1. MUNICIPAL CORPORATIONS—CONSTRUCTION OF SIDEWALKS—DISCRE-
TION OF OFFICERS.

   Record in proceeding to compel city to construct sidewalks in
   residential area adjacent to public school *held*, not to show
   city officials abused their discretion in relation to the proposed
   public improvement upon which relief may be granted; hence,
   summary judgment was properly granted (GCR 1963 117.2).

2. COSTS — PUBLIC QUESTIONS — MUNICIPAL CORPORATIONS — SIDE-
WALKS.

   No costs are allowed on appeal in proceeding to compel city to
   install sidewalks on streets adjacent to public school, a public
   question being involved.

Appeal from Oakland; Beer (William John), J.
Submitted Division 2 October 7, 1965, at Lansing.
(Docket No. 340.)   Decided February 22, 1966.

Complaint by Rudolph Keller and others against
the city of Southfield to force the city to construct
sidewalks in residential area adjacent to public
school and to compel the formation of a special
assessment district for the financing of the public
improvements.   Potentially affected property
owners Bertha B. Becker and others intervened as

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Municipal Corporations § 559 *et seq.* 25 Am Jur,
Highways § 68.
[2] 5 Am Jur 2d, Appeal and Error § 1009.

defendants.    Summary judgment for defendants. Plaintiffs appeal.    Affirmed.

*Mayer Morganroth,* for plaintiffs.

*James M. Ginn,* for defendant city.

Watts, J.    This is an appeal from a summary judgment in the lower court.    The judgment was based on that court's finding that the plaintiffs had failed to state a cause of action for which relief could be granted.    GCR 1963, 117.2 (1).

Plaintiffs seek to have the summary judgment set aside and the cause remanded for trial on the issues. The case was transferred to the Court of Appeals by the Supreme Court on January 7, 1965.

The plaintiff group consists of property owners in the subdivisions of Southfield Village Estates and Kentfield Manor Estates, city of Southfield, who favor the construction of sidewalks on a 16-1/2-foot public right-of-way on those streets which are access streets to the Glenn Schoenhals elementary school.

The defendant group consists of persons who own private real property on the access streets to the school.    They have extended their front lawns to include the 16-1/2-foot right-of-way for sidewalks, some have planted shrubs, while others have placed large boulders in the right-of-way.    They are opposed to the construction of sidewalks.

This dispute came into prominence when the new school opened its doors to the public in January, 1964.    The plaintiff group, incensed by the hazardous condition created by the lack of sidewalks, called upon the city attorney for advice and later filed a petition with the city officials requesting the construction of sidewalks.    The Southfield police de-

partment and the members of the district school board were also concerned about the safety of the children attending the school and made their opinions known to the city officials and the public. The city council on its own initiative adopted a resolution to install sidewalks on certain streets in the subdivisions of Southfield Village Estates and Kentfield Manor Estates. The resolution reads in part as follows:

"The matter of making said public improvement is hereby referred to the city administrator, who shall prepare a report concerning the same which shall include necessary preliminary plans, and estimates of cost and estimate of the life of the improvement, a description of the special assessment district and such other pertinent information as will permit the council to decide the cost, the extent and necessity of the proposed public improvement and what part thereof should be paid by special assessment upon the property benefited and what part, if any, should be paid by the city at large."

Before the administrator for the city of Southfield filed a report as requested in the resolution, the defendant group filed a counter petition opposing the construction of sidewalks. The city officials later denied the plaintiffs' request for sidewalks.

Plaintiffs alleged that they and affected homeowners contributed several thousands of dollars and were advised by the city administrator to hire a contractor and to take out the permit for the construction of sidewalks. They further allege that they and other contributors followed the instructions of the city administrator and the city council. Plaintiffs' complaint states that the city council again withdrew its support to the sidewalk proposal when the defendant group objected to the project.

The plaintiffs filed suit in the Oakland county circuit court requesting the following relief:

That it be ordered and adjudged that the city of Southfield and the city council have the power and authority to make a special benefit assessment district which encompasses all users of the proposed improvement for access to the Glenn Schoenhals school;

That it be ordered and adjudged that the homes with sidewalks are benefited by sidewalks being installed for access to a school within their district and where their children can go to school;

. That the city of Southfield and the city council be ordered to continue and proceed on its resolution #1 and designate the special benefit assessment district * * * and to designate said special assessment district to include all those homes that would use said improvements by virtue of their children going to or coming from the Glenn Schoenhals elementary school;

That the city of Southfield be ordered to remove all obstructions, shrubs, boulders, in the right-of-way for pedestrian traffic along the way to and from Glenn Schoenhals elementary school;

That the city of Southfield and the city council be ordered and adjudged to erect, construct, and install sidewalks along the right-of-way and easements and public right-of-way to and from Glenn Schoenhals elementary school and to pay for same out of its general tax revenue or general tax funds;

That the city of Southfield and the city council be ordered to make the public improvement of the right-of-way for pedestrian travel to and from Glenn Schoenhals elementary school to promote the health, safety, and welfare of the community;

That the court order such other and further relief as is in keeping with equity and good conscience.

On November 9, 1964, the Honorable William John Beer, Oakland county circuit court judge, rendered the following summary judgment:

"This matter having come on for hearing on defendant's motion for summary judgment, the attor-

neys for the plaintiffs, defendant, and intervening defendants having appeared and presented arguments to the court, and the court having determined that the *plaintiffs have failed to state a claim upon which relief can be granted,* and the Court being fully advised in the premises,

"Now, therefore, it is hereby ordered and adjudged, that the motion for summary judgment is hereby granted and plaintiffs' complaint is dismissed with prejudice, provided, however, that plaintiffs shall have 20 days in which to file an amended complaint." (Emphasis supplied.)

The court also rendered a written opinion which reads as follows:

"Because of article 3, § 2 of the Michigan Constitution of 1963, I am granting the motion to dismiss. I have read the complaint, and certainly the major part of this complaint is addressed to the court through its judicial power to exercise a legislative function. Therefore, I have no jurisdiction. As to the remaining part about obstructions in the public way, the complaint is not sufficiently detailed to say the best for it.

"No sensible person can long defend the situation factually that the absence of sidewalks in a traveled way is good. Southfield has become a city and should have sidewalks where needed. I think the legislative body has to exercise its discretion in that regard.

"As I have already said, I am granting the motion to dismiss for the reason given. I am allowing counsel for the plaintiff, if he wishes, 20 days in which to file any amended bill of complaint."

The plaintiffs contend that the trial court committed reversible error in granting motion for summary judgment made by the defendants.

The plaintiffs further contend that they are not requesting the court to legislate but are asking the court to review the procedures for local public im-

provement and to determine whether the officials of the said city have abused their discretion and have failed to properly perform their functions to provide health, safety, and welfare for the community.

It is the contention of defendant city of Southfield that the complaint does not set forth sufficient facts which, if true, would entitle the plaintiffs to a judgment ordering the defendant city of Southfield to install sidewalks in front of homes not belonging to plaintiffs and to finance the cost of such installation by special assessment against the abutting homeowners and the plaintiffs or out of general tax revenue.

We are cognizant of the Southfield city charter, § 9.26, as amended, and section 6 of ordinance 147, dealing with the owners of private real property objecting to proposed improvements.

Invariably, when a district is created to determine whether or not a proposed improvement shall be made, many may differ as to the boundaries of the district and its inclusion or noninclusion of specific property. The members of the city council in the instant case considered only the persons who were owners of private real property on which the proposed improvement was to be made in determining if more than 60% of the number of owners of privately owned real estate to be assessed for improvement had objected in writing to the original determination of necessity.

The question relating to the validity of the summary judgment depends upon whether or not the pleadings present a question of fact, namely: *Did the Southfield city officials abuse their discretion in determining whether or not the proposed improvement should be made?*

While the pleadings indicate a strong difference of opinion, they do not indicate that the city officials

abused their discretion. No statement of fact is presented relating to the proposed improvement upon which relief may be granted. *Hughes* v. *City of Detroit* (1953), 336 Mich 457; *Robertson* v. *New York Life Insurance Co.* (1945), 312 Mich 92; *Veldman* v. *City of Grand Rapids* (1936), 275 Mich 100.

The summary judgment of the trial court is affirmed. No costs, a public question being involved.

QUINN, P. J., and McGREGOR, J., concurred.