Howard T. Hogan, J.
In this eminent domain proceeding, the Town of Hempstead Park District, acting on resolution of the Town Board, seeks an order of this court vesting title to certain parcels of real property located within an existing park district, the Franklin Square Park District.
The application is opposed by an owner of one of the potential damage parcels and by a group of individual inhabitants, taxpayers and property owners of lands located within the Franklin Square Park District. The principal ground of opposition is the contention that the petitioning park district has no jurisdiction to acquire land located within another park district, however worthy the purpose may be. The point is well taken.
The Town of Hempstead Park District is established by section 300.10 of article 8 of the Nassau County Civil Divisions Act (L. 1939, ch. 273, 710-717, as amd. by L. 1961, ch. 910) which provides as follows: “ § 300.10 Town of Hempstead park district created and established. There is hereby created and established in the town of Hempstead a park district, to be known as the town of Hempstead park district, which shall include within its territorial confines all of the unincorporated areas of the said town and shall exclude the areas of any park district heretofore established, the city of Long Beach and the incorporated villages within the said town.” (Emphasis supplied.)
*207 The Franklin Square Park District was established in 1955, prior to the enactment of this 1961 statute.
The town contends that, while the area of other park districts is excluded from the territory of the town park district, the statute should not be construed as a limitation on the power of the Town Board to acquire property for the district.
The Court of Appeals distinguished town parks from “ park district” parks in the case of Incorporated Village of Lloyd Harbor v. Town of Huntington, (4 N Y 2d 182) which reversed the judgment of this court (3 Misc 2d 849) as affirmed by the Appellate Division (4 A D 2d 763). Whether or not the Town Board may properly provide for a town park as opposed to a town 1 ‘ park district ’ ’ park within an existing park district is not the question presented to this court. Here the controversy involves an application by the Town Board on behalf of the Town of Hempstead Park District to acquire land physically located within the Franklin Square Park District for the purpose of establishing a Town of Hempstead Park District park as opposed to a Town of Hempstead park. A town park would by its very nature be a town improvement, open to all inhabitants of the town whether or not they reside in an area benefitted by another park district. The land sought to be acquired is in an area specifically excluded from the Town of Hempstead Park District territorial confines by the language of section 300.10.
Section 300.11 of the Nassau County Civil Divisions Act gives the Town Board the “ power to acquire such real property as shall be required for purposes of the district ”, but that power must be considered in conjunction with section 300.10.
The opponents also assert that the petition must be dismissed inasmuch as certified copies of certain resolutions herein were not filed with the State. The reason for such requirement is not altogether clear, but the failure has been cured by filing and the question has become academic by virtue of the court’s findings herein.
The town contends that these objectants have no legal right to challenge the effectiveness of the town’s resolutions collaterally but should have attacked the actions of the board directly. The cases cited by the town are not proceedings in which applications to condemn are opposed on the basis of total lack of jurisdiction. Whether or not the resolutions could have been directly attacked is of no moment because it is the burden of the petitioner to show that it has complied with every con *208 dition of the Constitution and the applicable statutes in the first instance (6 Nichols, Eminent Domain, § 26.3).
In the case at bar the petitioning town park district has not shown any legal basis for exercising jurisdiction over this property which is already within a park district. Accordingly, the application to condemn must be denied. Settle order.