BRENT *v.* CITY OF DETROIT

1. MUNICIPAL CORPORATIONS—JUDICIAL CONTROL.

The judiciary will not interfere in the discretionary acts of municipal governments absent fraud or clear abuse of discretion.

2. INJUNCTIONS—NUISANCE—ANTICIPATORY NUISANCE—SWIMMING POOL.

Courts are reluctant to enjoin anticipatory nuisances absent a showing of actual nuisance or the strong possibility of such result, and this is especially true in cases where anticipatory nuisance claims have been leveled against proposed municipal swimming pool sites.

REFERENCES FOR POINTS IN HEADNOTES

[1] 37 Am Jur, Municipal Corporations § 117.
[2, 5] 39 Am Jur, Parks, Squares, and Playgrounds § 41.
Water sports, amusements, or exhibitions as nuisance. 80 ALR2d 1124.
[3–5] 39 Am Jur, Nuisances §§ 151, 152.

3. EQUITY—NUISANCE.

Equity, as a rule, will not interfere in advance of the creation of a nuisance where the injury is doubtful or contingent, and anticipated merely from the use to which the property is to be put.

4. INJUNCTION—PROPERTY—HARM.

To secure an injunction against a neighbor's prospective use of his property, more must be shown than the mere possibility or even probability of harm resulting from that use.

5. INJUNCTION — NUISANCE — ANTICIPATORY NUISANCE — SWIMMING POOL.

City's decision to construct a swimming pool in a park more than 400 feet from plaintiffs' property did not constitute an abuse of discretion which would allow judicial interference, where plaintiffs, who prayed for injunctive relief, pleaded nothing which indicates that increased noise, traffic and parking problems will necessarily result with its construction and they merely anticipate injury from the use to which the property is to be put.

Appeal from Wayne, Richard M. Maher, J. Submitted Division 1 October 13, 1970, at Detroit. (Docket No. 8,391.) Decided October 30, 1970.

Complaint by Morris S. Brent, Shelbourne Apartments, Inc., Palmer Court Apartments, Inc., Manderson Road Apartments, and Merton Road Apartments, Inc., against the City of Detroit for an injunction to restrain the Department of Parks and Recreation from constructing a swimming pool. Summary judgment for defendant. Plaintiffs appeal. Affirmed.

*Abraham Satovsky,* for plaintiffs.

*Michael M. Glusac,* Corporation Counsel, and *John R. McKinlay* and *Francis J. Pipp,* Assistants Corporation Counsel, for defendant.

Before: J. H. Gillis, P. J., and Danhof and Ma-
hinske,* JJ.

J. H. Gillis, P. J.   Plaintiffs appeal from a sum-
mary judgment issued by the lower court in favor
of defendant.   Plaintiffs, property owners, com-
plaint prayed for injunctive relief against defendant
city to prevent it from building an outdoor swim-
ming pool in Palmer Park near plaintiffs' property.
A temporary restraining order was issued.   At the
"show cause" hearing the court dissolved the re-
straining order and entered summary judgment for
defendant.   Plaintiffs' complaint was dismissed be-
cause it failed to state a cause of action upon which
relief could be granted.   GCR 1963, 117.2(1).

Plaintiffs allege that construction of the proposed
swimming pool on the site selected by defendant will
constitute a public nuisance.   Plaintiffs argue that
there are more suitable sites for the swimming pool
elsewhere in the park area.

Defendant testified that a public meeting was held
on the pool situs before the city's Common Council,
and plaintiffs' objections were heard.   As a result
of that meeting, the original situs was moved to a
new location, over 400 feet from plaintiffs' nearest
property.[1]

It has been a long-standing rule in Michigan that
the judiciary will not interfere in the discretionary
acts of municipal governments, absent fraud or a
clear abuse of discretion.   The Michigan Supreme
Court articulated this judicial attitude when they
said:

"So long as the power to govern the city and con-
trol its affairs is vested by the people in local mu-

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] Plaintiffs represent owners of five apartment buildings surround-
ing the perimeter of the park, only one of which is within 500 feet
of the proposed swimming pool situs.

nicipal officers in pursuance of law, neither this court nor any other may assume to dictate the local governmental policy of the municipality. The power and authority is vested in the commission to govern as its discretion dictates so long as its action is not contrary to law or opposed to sound public policy. So long as the city commission acts within the limits prescribed by law, the court may not interfere with its discretion. The judiciary is not charged with supervisory control over the exercise of governmental functions by the city commission * * * . It is not the business of courts to act as city regulators and, unless the authority of the representatives of the citizens * * * has been illegally exercised, their action cannot be interfered with merely because it may not seem to other persons to have been as wise as it ought to have been." *Veldman* v. *City of Grand Rapids* (1936), 275 Mich 100, 111, 112.

See also: *Nelson* v. *County of Wayne* (1939), 289 Mich 284; *White* v. *Welsh* (1939), 291 Mich 636; *Gordon* v. *Samson* (1940), 294 Mich 294; *Moran* v. *Detroit Board of Election Commissioners* (1952), 334 Mich 234; *Sebewaing Industries, Inc.,* v. *Village of Sebewaing* (1953), 337 Mich 530; *Keller* v. *City of Southfield* (1966), 2 Mich App 323.

Courts are reluctant to enjoin anticipatory nuisances absent a showing of actual nuisance or the strong probability of such result. *Conway* v. *Gampel* (1926), 235 Mich 511; *Falkner* v. *Brookfield* (1962), 368 Mich 17. This has been true with proposed uses of children's playgrounds and park areas. See Annotation, 32 ALR3d 1127. It is especially true in cases where anticipatory nuisance claims have been leveled against proposed municipal swimming pool sites. *Nichols* v. *Rock Island* (1954), 3 Ill 2d 531, 121 NE2d 799; *Incorporated Village of Lloyd Harbor* v. *Huntington* (1956), 3 Misc 2d 849 (157 NYS2d 442), *aff'd* 4 App Div 2d 763 (165 NYS

2d 705), *rev'd on other grounds* 4 NY2d 182 (173 NYS2d 553, 149 NE2d 851).

Michigan law is replete with applications of the equity maxim that:

"Equity, as a rule, will not interfere in advance of the creation of a nuisance where the injury is doubtful or contingent, and anticipated merely from the use to which the property is to be put." *Plassey* v. *S. Lowenstein & Son* (1951), 330 Mich 525, 529.

See also: *Warren Township School District* v. *City of Detroit* (1944), 308 Mich 460 (proposed use of nearby property as airport); *Village of St. Clair Shores* v. *Villiage of Grosse Pointe Woods* (1947), 319 Mich 372 (apprehension that use of beach as municipal park will pollute the waters of plaintiff village); *Foster* v. *County of Genesee* (1951), 329 Mich 665 (proposed use of nearby property as animal shelter); *Brown* v. *Shelby Township* (1960), 360 Mich 299 (proposed use of nearby property as automobile race track); *Falkner* v. *Brookfield,* supra, (proposed use of nearby property as an automobile junk yard); *Oak Haven Trailer Court, Inc.,* v. *Western Wayne County Conservation Association* (1966), 3 Mich App 83 *aff'd. sub nom. Smith* v. *Western Wayne County Conservation Association* (1968), 380 Mich 526 (26 ALR3d 647) (proposed use of nearby property by a gun club), and cases cited therein.

This is not to say that such swimming pool is forever insulated from becoming a nuisance. However, plaintiffs have pleaded nothing at this time which indicates that increased noise, traffic and parking problems will necessarily result with its construction.

"[T]o secure an injunction against a neighbor's prospective use of his property, *more must be shown*

*than the mere possibility or even probability of harm resulting from that use."* *Commerce Oil Refining Corp.* v. *Miner* (CA1, 1960), 281 F2d 465, 474. (Emphasis supplied.)

Therefore, the order entered in the circuit court granting summary judgment to defendant is affirmed. Costs to defendant.

All concurred.