KYES v ALLEGAN COUNTY BOARD OF COMMISSIONERS

1. MUNICIPAL CORPORATIONS—DECISIONS OF BOARDS—JUDICIAL INTERFERENCE.

The governmental decisions of municipal boards will not be interfered with by Michigan courts unless a board is found to have acted illegally, capriciously, or contrary to sound public policy.

2. COUNTIES—CONSTITUTIONAL LAW—LOCATION OF COUNTY OFFICES—CONSTRUCTION OF STATUTES.

Only those buildings necessary to house the offices of sheriff, county clerk, county treasurer, and register of deeds, as specified in the constitution, should be deemed "necessary" buildings within the meaning of the statute which requires the courthouse and "other necessary buildings" to be located at the county seat, in the absence of further legislation; the county social services offices are not among those specified in the constitution and therefore the county was free to construct them at a site other than at the county seat (Const 1963, art 7, § 5; MCLA 45.16).

3. COUNTIES—EXPENDITURES—REVENUE-SHARING FUNDS—VOTER APPROVAL.

Voter approval is not required for a county board of commissioners to authorize an expenditure of Federal revenue-sharing funds.

Appeal from Allegan, James M. Teahen, J. Submitted Division 3 July 30, 1974, at Grand Rapids. (Docket No. 20090.) Decided August 13, 1974. Leave to appeal denied, 392 Mich 820.

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 144, 145, 149.
[2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 44–49.
[3] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 579 *et seq.*

Complaint by John Kyes and others against the Allegan County Board of Commissioners to enjoin construction of a county building. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Leo W. Hoffman* and *Stephen M. Kantz*, for plaintiffs.

*Peter Antkoviak, II,* Assistant Prosecuting Attorney, for defendants.

Before: R. B. Burns, P. J., and Holbrook and T. M. Burns, JJ.

R. B. Burns, P. J. On August 7, 1973 the defendant Allegan County Board of Commissioners (hereinafter referred to as the board) voted unanimously to construct a building for the Department of Social Services at Dumont Lake some 3-1/2 miles from the city of Allegan, the Allegan County seat. The construction is to be paid for with Federal revenue-sharing funds.

Plaintiffs, a group of property owners and taxpayers residing within Allegan County, brought suit to enjoin the construction at the proposed site. Plaintiffs claimed that the board could not authorize construction at a location other than the county seat, that the board could not authorize the expenditure of the federal funds without voter approval, and that the board acted arbitrarily when it chose the Dumont Lake site.

Plaintiffs sought a temporary restraining order. The testimony revealed that the decision to build at Dumont Lake was carefully considered. The site had several advantages: (1) there was plenty of parking space; (2) the county already owned the land; (3) all needed utilities were already there; and (4) the traffic studies were favorable. The

board had considered other sites and had rejected them as being less advantageous. Finally, even the Allegan city manager, who opposed the site, conceded that the board acted without caprice or malice. The trial court denied relief to plaintiffs, and they appealed to this Court on the same three grounds alleged below.

Plaintiffs claim the board acted arbitrarily when it selected the Dumont Lake site.

When reviewing the governmental decisions of municipal boards, Michigan courts will not interfere unless the board is found to have acted illegally, capriciously, or contrary to sound public policy. *North Muskegon v Bolema Construction Co,* 335 Mich 520; 56 NW2d 371 (1953), and *Brent v Detroit,* 27 Mich App 628; 183 NW2d 908 (1970). The trial court found that the board had reached its decision in an entirely proper manner; such a finding should not be disturbed unless it is clearly erroneous. *Shaya v Stein,* 42 Mich App 91; 201 NW2d 273 (1972). The facts of this case do not warrant such a disturbance.

Plaintiffs next contend that the board lacked the authority to build at a location other than the county seat. Plaintiffs contend that MCLA 45.16; MSA 5.291 requires that all necessary public county buildings be kept at the county seat. Plaintiffs believe that the building housing the county offices for the Department of Social Services is a necessary building within the meaning of the act. We disagree.

While MCLA 45.16; MSA 5.291 does not explain what is meant by "all other necessary public buildings", we believe that the answer can be found in the constitutional framework from which this statute arose. OAG, 1939, No 13,321 (Nov 10, 1939). Article 7, § 5, of the 1963 Michigan Constitution

requires the sheriff, county clerk, county treasurer, and register of deeds to hold their principal offices at the county seat. In the absence of further legislation specifically requiring other offices to be located at the county seat, only those buildings necessary to house those constitutionally specified offices should be deemed necessary buildings. Plaintiffs have failed to call our attention to any statute that requires the county social services offices to be located at the county seat. The defendant was free to choose the construction site it did in accordance with its statutory obligations and powers. MCLA 400.45; MSA 16.445 and MCLA 46.11; MSA 5.331.

Finally, plaintiffs claim that the board could not authorize the expenditure of public funds without voter approval. This issue turns upon the proper construction of MCLA 141.61a; MSA 5.2251(1) which reads:

"The board of commissioners without submitting the same to the vote of the electors shall have the right or power to authorize annually the expenditure of any funds on hand not raised by taxation for the purpose of constructing, equipping or making alterations in any of the public buildings in the county if said board of supervisors shall by resolution of a majority of the total membership of said board authorize the same: Provided, That no such moneys shall be expended without the vote of the people if said moneys are to be raised by taxation."

Plaintiffs contend that since Federal revenue-sharing funds are raised by taxation MCLA 141.61a; MSA 5.2251(1) requires voter approval of their expenditure on building projects.

We disagree.

It is undeniably true that Federal revenue-sharing funds are raised by taxation, but plaintiffs are

incorrect when they contend MCLA 141.61a; MSA 2251(1) is intended to regulate the securing or use of such money. That statute was designed to act as a legislative restriction upon the creation of municipal debts to be financed by purely local sources (*Alan v Wayne County*, 388 Mich 210; 200 NW2d 628 [1972]; and *Oakland County Taxpayers League v Oakland County Supervisors*, 355 Mich 305; 94 NW2d 875 [1959]); it does not purport to regulate municipal use of purely Federal funds. MCLA 141.61a; MSA 5.2251(1) is irrelevant to this situation. This is demonstrated by the manner in which state revenue-sharing funds are managed. Those funds are to be credited to the municipality's general fund (MCLA 141.917; MSA 5.3194[417]), and from there, they could be allocated to finance local construction projects without voter approval. MCLA 141.263; MSA 5.2770(3), *Oakland Taxpayers, supra.* Since the Michigan Legislature has approved of this procedure regarding state money, we do not believe the Legislature would intend its statutes to treat similar Federal funds differently. The trial court correctly denied plaintiffs any relief.

Affirmed. No costs, a public question.

All concurred.